CHARLES ROOME PARMELE COMPANY, Appellant, v. JOSEPH A. HAAS, Respondent.

PLEADING — FAILURE TO AFFIRMATIVELY ALLEGE COMPLIANCE WITH STATUTE — ORDER OF ARREST.   Upon an application by a foreign corporation doing business in this state for an order of arrest the moving papers need not show affirmatively, for the purpose of the order of arrest, that the corporation has complied with the provisions of section 181 of

chapter 908 of the Laws of 1896 imposing certain restrictions upon its right to do business in this state. The objection of non-compliance with the statute, if available at all, should be raised by demurrer or by answer as the case demands, and if raised by neither is deemed to have been waived.

*C. R. Parmele Co.* v. *Haas,* 67 App. Div. 457, reversed.

(Argued June 9, 1902; decided June 27, 1902.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 10, 1902, which reversed an order of Special Term denying a motion to vacate an order of arrest.

The facts, so far as material, and the questions certified are stated in the opinion.

*Joseph J. Baker* and *Arthur A. Michell* for appellant. The omission of an allegation of compliance with section 181, chapter 908, Laws of 1896, is not a jurisdictional defect. (*S. L. Co.* v. *Russell,* 84 Hun, 114; *Haebler* v. *Bernharth,* 115 N. Y. 459; *Axford* v. *Seguine,* 70 App. Div. 228; *Crandall* v. *Bryan,* 15 How. Pr. 48; *Edick* v. *Green,* 38 Hun, 202; *Furman* v. *Walter,* 13 How. Pr. 348; *Ladenburg* v. *Comcl. Bank,* 32 N. Y. Supp. 873; *Fuller & Co.* v. *Schrenk,* 58 App. Div. 222; *O'Reilly Co.* v. *Greene,* 18 Misc. Rep. 423; *Ochs* v. *Frey,* 47 App. Div. 390.) Section 181 of chapter 908 of the Laws of 1896 is unconstitutional. (*H. S. M. Co.* v. *State of N. Y.,* 143 U. S. 305; *Paul* v. *Virginia,* 8 Wall. 168; *C., etc., T. Co.* v. *Sandford,* 164 U. S. 578; *P. M. Co.* v. *Pennsylvania,* 125 U. S. 181; *Blake* v. *McClung,* 172 U. S. 239; *Tinsley* v. *Anderson,* 171 U. S. 101; *Lancaster* v. *A. I. Co.,* 140 N. Y. 576; *People* v. *Coughtry,* 58 Hun, 245; *S. L. Bank* v. *North,* 4 Johns. Ch. 370; *N. J. Bank* v. *Thorp,* 6 Cow. 47.)

*Stillman F. Kneeland* for respondent. It does not appear that the plaintiff has complied with the requirements of section 181, chapter 908, Laws of 1896, or has obtained the license fee therein provided for. (*R. E. Co.* v. *A. G. Co.,* 24 Misc. Rep. 679; *People* v. *Fire Assn.,* 92 N. Y. 311;

*Bank of Augusta* v. *Earle*, 13 Pet. 519; *Ducat* v. *Chicago*, 10 Wall. 410; *Liverpool Ins. Co.* v. *Mass*, 10 Wall. 566; *Doyle* v. *C. Ins. Co.*, 94 U. S. 535; *Waffle* v. *Goble*, 53 Barb. 517; *Simpson* v. *Ready*, 12 M. & W. 736.) The statement of the conversion in each cause for action is made on information and belief without stating the reason why the affidavits of the informants were not secured. (*Buhl* v. *Ball*, 41 Hun, 61; *McVicker* v. *Campanini*, 5 N. Y. Supp. 577; *Nat. B. Bank* v. *Barker*, 16 N. Y. Supp. 75; *Crowns* v. *Vail*, 51 Hun, 204; *Kahle* v. *Muller*, 57 Hun, 144; *M. Nat. Bank* v. *Hall*, 60 Hun, 466; 129 N. Y. 663; *Hoorman* v. *C. C. Co.*, 13 App. Div. 624; 152 N. Y. 648; *Ladenburg* v. *Com. Bank*, 87 Hun, 269; *Tucker* v. *Goodsell*, 14 App. Div. 89; *Wallace* v. *Baring*, 21 App. Div. 477.) The objection to the second cause of action is hopelessly fatal and the effect thereof is to render the order of arrest void without regard to the sufficiency of the first cause of action. (*Brown* v. *Achbough*, 40 How. Pr. 226; *Goodale* v. *Finn*, 4 T. & C. 432; *Robinson* v. *Flint*, 16 How. Pr. 243; *Miller* v. *Scherder*, 2 N. Y. 262; *Bowen* v. *True*, 53 N. Y. 640; *Madge* v. *Puig*, 71 N. Y. 608; *Decatur* v. *Goodridge*, 10 N. Y. S. R. 384; *Smith* v. *Knapp*, 30 N. Y. 581.) The defects are jurisdictional, and the order of arrest is void, not simply erroneous or irregular. (*Matter of O. H. Mfg. Co.*, 10 N. Y. Supp. 771; *R. E. Co.* v. *A. G. Co.*, 24 Misc. Rep. 678; *Wallace* v. *Baring*, 21 App. Div. 477; *S. C. Bank* v. *Alberger*, 78 N. Y. 252; *Acker, Merrill & Condit* v. *Saynisch*, 26 Misc. Rep. 836; *Banque* v. *Ungureanu*, 53 App. Div. 255.)

O'BRIEN, J. The order appealed from reversed an order of the Special Term which denied the defendant's motion to vacate an order of arrest and granted the motion. It is stated in the order that the reversal was upon matters of law and not of discretion. The court allowed an appeal to this court and certified the following question:

"Upon an application by a foreign corporation doing business in this state for an order of arrest, must the papers show,

for the purpose of the order of arrest, that the corporation has complied with the provisions of section 181 of chapter 908 of the Laws of 1896, or that it comes within the exceptions thereto ? "

The order of arrest was granted upon the complaint in the action and an affidavit. The complaint avers that the plaintiff is a foreign corporation, engaged in business in this state, and that it had procured from the secretary of state a certificate that it has complied with all requirements of law to authorize it to do business in this state as provided by section fifteen of the General Corporation Law. It then alleges that the defendant, at the time and place stated therein, took and stole from the plaintiff certain gold bars of the value of over five thousand dollars which he fraudulently converted to his own use. Clearly this is a cause of action for which the defendant might be arrested and held to bail. It appears that by section 181 of chapter 908 of the Laws of 1896 additional restrictions were imposed upon the right of certain foreign corporations, of which the plaintiff is one, to do business in this state. It was for a failure to allege affirmatively that the plaintiff has complied with these restrictions that the learned court below held that the papers upon which the order was granted were insufficient. That statute provides, in substance, that the plaintiff shall pay to the state a license fee for the right to do business of one-eighth of one per cent on the capital stock employed in this state, and then provides that no action shall be maintained or recovery had by such corporation without obtaining the receipt for the license fee so imposed within thirteen months after the beginning such business within the state. It is assumed that the statement in the complaint referred to is not broad enough to show compliance with this law, and we will so assume.

But we do not think that the complaint is defective for that reason. It states a good cause of action and we would have to so hold upon a demurrer. Before these statutes were passed the plaintiff could maintain this action under general provisions of law containing no restrictions whatever of the

character referred to. The statutes in themselves give no right of action, and are not essential elements of the cause of action stated in the complaint. They are mere revenue regulations, compliance with which is made necessary in order to acquire the right to do business here and to enforce causes of action in our courts. They may possibly be matters of defense, but not essential to be stated as part of the cause of action or right to sue. When a foreign corporation brings a suit in the courts of this state and states a good cause of action in the complaint, it will be assumed that it is rightfully in the state and properly in court until the contrary is made to appear. The question is one merely of pleading or procedure, and it does not go to the substance of the plaintiff's claim. Compliance with this statute was no part of the plaintiff's case, which was to be affirmatively stated. It has been generally held that such conditions are the same and fulfill the same office as a proviso in a statute, the enacting clause of which gives the right of action and the subsequent provisions modify or limit that right. The plaintiff in such a case may rely upon the enacting clause and leave it to the defendant to plead the proviso or exception. In this case the defendant may waive the provisions of this statute and defend the action brought against him upon the merits, and unless he elects to defend or raise some question under this statute by some affirmative act or pleading the court will simply look at the cause of action as stated. (*Crane* v. *Powell*, 139 N. Y. 379; *Rowell* v. *Janvrin*, 151 N. Y. 60; *Rima* v. *Rossie Iron Works*, 120 N. Y. 433.) The objection at most is one as to the character or capacity of the plaintiff to sue. That objection, if the defect appears upon the face of the complaint, must be taken by demurrer. (Code, § 488.) If it does not appear upon the face of the complaint it may be taken by answer. (Code, § 498.) And if not taken either by demurrer or answer is deemed to have been waived. (Code, § 499.) In this case it appears that the defendant has answered and the answer contains merely a general denial. It would seem to be clear, therefore, that he

has waived the right to raise any question based upon the statutes referred to. It seems to us, therefore, that the papers upon which the order of arrest in this case was granted were quite sufficient to uphold it. The objections now made do not go to the jurisdiction of the court or to the power of the court to grant the order. How far the defendant could avail himself of the non-compliance on the part of the plaintiff with these statutory conditions and regulations, had he elected to do so in some proper form, is quite another question, but is not now before us.

We think that the order appealed from should be reversed, and that of the Special Term affirmed, with costs, and the question certified answered in the negative.

PARKER, Ch. J., GRAY, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Order reversed, etc.