THE DUNBARTON FLAX SPINNING COMPANY, Appellant, *v.* THE GREENWICH AND JOHNSONVILLE RAILWAY COMPANY, Respondent.

*Foreign corporation — right of, to sue in the State of New York — payment of the tax and license fee after the date fixed by statute — it authorizes the bringing of an action — previous unauthorized transaction of business in the State of New York.*

In the absence of statutory provisions a foreign corporation, duly organized, may come into the State of New York and exercise the legitimate powers conferred upon it and carry on any business not prohibited by the laws of the State of New York or against public policy; the State of New York has power to compel such a corporation to comply with its laws and to punish the corporation for non-compliance.

A foreign manufacturing corporation which had transacted business in the State of New York since February 1, 1892, did not procure from the Secretary of State the certificate authorizing it to do business within the State of New York required by section 15 of the General Corporation Law (Laws of 1892, chap. 687, as amd. by Laws of 1901, chap. 538) until January 15, 1902, nor did it pay the license fee imposed by section 181 of the Tax Law (Laws of 1896, chap. 908, as amd. by Laws of 1901, chap. 558) on foreign corporations doing business in the State of New York until January 16, 1902, although such license fee became due December 1, 1902, and was required to be paid within thirty days thereafter.

Section 181 of the Tax Law, as amended by chapter 558 of the Laws of 1901, provides: " No action shall be maintained or recovery had in any of the courts in this State by such foreign corporation without obtaining a receipt for the license fee hereby imposed within thirteen months after beginning such business within the State, or if at the time this section takes effect such a corporation has been engaged in business within this State for more than twelve months without obtaining such receipt within thirty days after such tax is due."

*Held*, that the failure of the foreign corporation to pay the license fee required by section 181 of the Tax Law within thirty days from December 1, 1901, when it became due, did not prevent it from maintaining, in the courts of the State of New York, an action commenced by it in March, 1902;

That section 15 of the General Corporation Law and section 181 of the Tax Law are mere revenue regulations, and that it was not the intention of the Legislature to prohibit the foreign corporation from obtaining the certificate authorizing it to do business and from paying the license fee after the time prescribed by law;

That, as the foreign corporation had fully complied with the law at the time it commenced the action, it was entitled to maintain such action, and that the fact that, previous to the time when it obtained the certificate of authority and paid the license tax, it had been doing business in the State of New York without right, was a matter in which the State and the foreign corporation alone were interested.

APPEAL by the plaintiff, The Dunbarton Flax Spinning Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Washington on the 21st day of March, 1903, upon the report of a referee dismissing the plaintiff's complaint.

The plaintiff is a foreign manufacturing corporation and has been engaged in its business of spinning flax, within the State of New York, since February 1, 1892. Not until the 15th day of January, 1902, did it procure from the Secretary of State a certificate authorizing it to do business within this State. On the 16th day of January, 1902, it paid the license fee prescribed by section 181 of the Tax Law (Laws of 1896, chap. 908, as amd. by Laws of 1901, chap. 558). Until that section was amended by chapter 558 of the Laws of 1901, which went into effect on the 26th day of April, 1901, the plaintiff was exempt from taxation by reason of its being a manufacturing corporation. That section, as amended and as it stood in January, 1902, reads as follows:

"§ 181. License tax on foreign corporations.— Every foreign corporation, except banking corporations, fire, marine, casualty and life insurance companies, cooperative fraternal insurance companies and building and loan associations, authorized to do business under the General Corporation Law, shall pay to the State Treasurer, for the use of the State, a license fee of one-eighth of one per centum for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this State, to be computed upon the basis of the capital stock employed by it within this State, during the first year of carrying on its business in this State; and if any year thereafter any such corporation shall employ an increased amount of its capital stock within this State,

the same license fee shall be due and payable upon any such increase. The tax imposed by this section on a corporation not heretofore subject to its provisions shall be paid on the first day of December, nineteen hundred and one, to be computed upon the basis of the amount of capital stock employed by it within the State during the year preceding such date, unless on such date such corporation shall not have employed capital within the State for a period of thirteen months, in which case it shall be paid within the time otherwise provided by this section. No action shall be maintained or recovery had in any of the courts in this State by such foreign corporation without obtaining a receipt for the license fee hereby imposed within thirteen months after beginning such business within the State, or if at the time this section takes effect such a corporation has been engaged in business within this State for more than twelve months without obtaining such receipt within thirty days after such tax is due."

Section 15 of the General Corporation Law,* the interpretation of which is involved, as amended by chapter 538 of the Laws of 1901, reads as follows :

" § 15. Certificate of authority of a foreign corporation.— No foreign stock corporation other than a monied corporation shall do business in this State without having first procured from the Secretary of State a certificate that it has complied with all the requirements of law to authorize it to do business in this State, and that the business of the corporation to be carried on in this State is such as may be lawfully carried on by a corporation incorporated under the laws of this State for such or similar business, or if more than one kind of business, by two or more corporations so incorporated for such kinds of business respectively. The Secretary of State shall deliver such certificate to every such corporation so complying with the requirements of law. No such corporation now doing business in this State shall do business herein after December thirty first, eighteen hundred and ninety-two, without having procured such certificate from the Secretary of State, but any lawful contract previously made by the corporation may be performed and enforced within the State subsequent to such date. No foreign stock corporation doing business in this State shall maintain any action in this

---

* Laws of 1892, chap. 687.— [REP.

State upon any contract made by it in this State unless prior to the making of such contract it shall have procured such certificate. This prohibition shall also apply to any assignee of such foreign stock corporation and to any person claiming under such assignee or such foreign stock corporation or under either of them. No certificate of authority shall be granted to any foreign corporation having the same name as an existing domestic corporation or a name so nearly resembling it as to be calculated to deceive."

The complaint was dismissed on the ground that the plaintiff had no capacity to sue because the license fee was paid after the expiration of the thirty days from December 1, 1901.

*Edgar T. Brackett,* for the appellant.

*Charles C. Van Kirk,* for the respondent.

HOUGHTON, J.:

The action was brought in March, 1902, in equity to compel the defendant to remove a bridge, piers and embankment erected by it on the stream below plaintiff's mill, because those structures interfered with the flow of the stream and caused the water and ice to flow back upon plaintiff's property, destroying it and interfering with the operation of its mill and the carrying on of its business, to its damage in a considerable amount.

The answer, among other things, alleged that the plaintiff did not pay the license fee prescribed by the section of the Tax Law above referred to within the thirty days from the 1st day of December, 1901, when it became due, and within the time limited by law, and that, therefore, it was not entitled to maintain the action or to have any recovery in the courts of this State.

The referee held that the defendant was correct in its contention, and that the plaintiff not having paid the license fee within thirty days from the 1st day of December, 1901, and not until January 16, 1902, it was not entitled to resort to the courts of the State and had no capacity to sue.

The correctness of this interpretation of the provisions of section 181 of the Tax Law (as amd. by Laws of 1901, chap. 558) and section 15 of the General Corporation Law (as amd. by Laws of 1901, chap. 538) is the only question involved. We think that the referee was wrong and that the judgment must be reversed.

Unless prohibited by law, a foreign corporation duly organized can come into this State and exercise the legitimate powers conferred upon it, and carry on any business not prohibited by our laws or against public policy. (*Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166.) The State has the power, however, to compel compliance with its laws or to punish the corporation if it does not do so. (*People* v. *Formosa*, 131 N. Y. 478.) And the Legislature can deny to such foreign corporation failing to comply with its law by procuring a certificate and paying the license fee all recourse to its courts to enforce its rights or to redress its wrongs; and until the corporation has complied with such regulations it has no standing in the courts of the State. This the Legislature has done by section 15 of the General Corporation Law and section 181 of the Tax Law.

These statutes are, however, mere revenue regulations, compliance with which is made necessary in order to acquire the right to do business here and to enforce causes of action in our courts. (*Charles Roome Parmele Co.* v. *Haas*, 171 N. Y. 579, 583.)

In *Lancaster* v. *A. I. Co.* (140 N. Y. 576, 591) it is said to be the policy of the State to encourage foreign corporations to enter its boundaries for the transaction of lawful business, and it is manifestly for the interest of the State that foreign capital should be actively employed within its borders.

In view of the benefits to be derived with respect to foreign corporations coming into the State to do business, and the policy of the State with respect to them, and the fact that the statutes referred to are mere revenue regulations, we do not think it was the intention of the Legislature to prohibit a foreign corporation from obtaining the certificate provided in section 15 of the General Corporation Law, and paying the tax prescribed in section 181 of the Tax Law, after the 31st day of December, 1901, notwithstanding the fact such corporation had been engaged in business within the State for more than twelve months prior to said time.

The language of section 181 of the Tax Law is that every foreign corporation, not excepted, authorized to do business under the General Corporation Law shall pay a license tax within the time prescribed, else it shall not maintain any action in the courts of the State. The plaintiff was not authorized to do business because it never

obtained the certificate provided by section ·15 of the General Cor-poration Law, and, therefore, it does not come within the letter of the law, at least. It finally did, fifteen days·from the 31st day of December, 1901, obtain from the Secretary of State a certificate, and on the following day it paid the license tax. The ·State saw fit to give the certificate, and it must. be presumed to have been properly issued. The State has received its full license tax and its revenue has been increased by that amount. That the plaintiff was doing business without right prior to that time is no concern of the defendant, for that matter was one between the People of the State and the plaintiff alone. At the time the plaintiff brought the action, therefore, it had fully complied with the law and was entitled to maintain it in any of the courts of the State.

The judgment must be reversed and a new trial granted.

All concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event.