O'BRIEN, P. J., PATTERSON, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.

---

THE F. J. EMMERICH COMPANY, Appellant, *v.* W. & J. SLOANE, Respondent.

*The license tax imposed on foreign corporations doing business in the State of New York is a revenue regulation and may be waived — a failure to pay it is not a defense to an action by the corporation — a failure to obtain the certificate authorizing it to do business is a defense — demurrer on such ground to a complaint.*

Section 181 of the Tax Law (Laws of 1896, chap. 908, as amd. by Laws of 1901, chap. 558), requiring foreign corporations to pay a license tax to the State Treasurer for the purpose of doing business in the State of New York, which provides that "no action shall be maintained or recovery had in any of the courts in this State by such foreign corporation without obtaining a receipt for the license fee hereby imposed within thirteen months after beginning such business within the State," is a revenue regulation for the benefit of the State which the latter has the right to waive.

*It seems*, therefore, that the failure of a foreign corporation to pay the license fee within the time required by the statute is not available as a defense to an individual in an action brought against him by such foreign corporation if thereafter, and before the commencement of the action, said fee is paid to, and accepted by, the State.

Section 15 of the General Corporation Law (Laws of 1892, chap. 687, as amd. by Laws of 1901, chap. 538, and Laws of 1904, chap. 490), which requires a foreign corporation, before doing business in the State of New York, to procure a certificate authorizing it so to do, and which provides that such foreign corporation shall not "maintain any action in this State upon any contract made

by it in this State unless prior to the making of such contract it shall have procured such certificate," is not a revenue regulation, and the failure to procure such a certificate is available to an individual in an action brought against him by a foreign corporation, notwithstanding that it appears that the foreign corporation had duly paid its license fee to the State Treasurer and that its failure to procure the certificate under section 15 of the General Corporation Law was the result of inadvertence.

The omission, in the complaint in an action brought by a foreign corporation, to allege that it had obtained the certificate required by section 15 of the General Corporation Law, does not render such complaint demurrable on the ground that it does not state facts sufficient to constitute a cause of action, but if it appears affirmatively from the complaint that the foreign corporation has failed to procure the necessary certificate the complaint is demurrable for lack of capacity to sue.

APPEAL by the plaintiff, The F. J. Emmerich Company, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 24th day of March, 1904, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining the defendant's demurrer to the plaintiff's complaint.

*Henry G. K. Heath,* for the appellant.

*Selden Bacon,* for the respondent.

Judgment affirmed, with costs, on opinion of the court below, with leave to plaintiff to amend on payment of costs in this court and in the court below.

Present — O'BRIEN, P. J., PATTERSON, INGRAHAM, McLAUGHLIN and LAUGHLIN, JJ.

The following is the opinion of GREENBAUM, J., delivered at Special Term :

GREENBAUM, J. :

Defendant demurs to the complaint for insufficiency of facts constituting a cause of action and for lack of legal capacity of the plaintiff to maintain this action.

I have had occasion recently to hold that a failure on the part of a foreign corporation doing business in this State to allege due authority thus to transact business does not affect the substance of

plaintiff's claim and is not available upon a demurrer that the complaint does not state facts sufficient to constitute a cause of action. (*Portland Co.* v. *Hall*, 95 N. Y. Supp. 36.)

The second ground of demurrer, however, presents a more serious situation for the plaintiff.

The complaint alleges that the plaintiff's assignor was a corporation organized under the laws of the State of New Jersey and doing business in the State of New York ; that " prior to the commencement of this action the said corporation duly paid the license tax imposed by section 181 of the Tax Law, upon foreign corporations doing business in the State of New York, and duly complied with all the provisions of section 15 of the Corporation Law, and obtained a certificate in the State of New York, authorizing it to do business within this State," and " that the license tax as aforesaid was duly paid to the Comptroller of the State of New York on or about October 17, 1902, but through inadvertence the application to the Secretary of State was not made and the certificate not granted until September 23, 1904."

The complaint sufficiently alleges the breach of an agreement made between the plaintiff's assignor and the defendant at the city of New York on or about September 30, 1903, for the purchase and sale of certain merchandise to be manufactured for defendant.

It is thus made affirmatively to appear that at the time of the making of said contract plaintiff's assignor had not procured any certificate of authority to do business in this State although it had long prior thereto (October, 1902) paid into the State treasury a license tax.

Section 15 of the General Corporation Law* requires a foreign stock corporation of the class to which plaintiff's assignor evidently belonged doing business in this State to first procure a certificate of authority to do business and provides that such foreign stock corporation shall not " maintain any action in this State upon any contract made by it in this State unless prior to the making of such contract it shall have procured such certificate."

Section 16a† of the Corporation Law (also known as section 181 of

---

* Laws of 1892, chap. 687, § 15, as amd. by Laws of 1901, chap. 538, and Laws of 1904, chap. 490.— [REP.

† See Laws of 1895, chap. 240.— [REP.

the Tax Law\*) provides that every foreign corporation, except certain specified corporations of a kind to which plaintiff's assignor did not belong, shall pay to the State Treasurer for the use of the State " a license fee of one-eighth of one per centum for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this State to be computed upon the basis of the capital stock employed by it within this State during the first year of carrying on its business in this State," and also provides *inter alia* that " no action shall be maintained or recovery had in any of the courts in this State by such foreign corporation without obtaining a receipt for the license fee hereby imposed within thirteen months after beginning such business within the State."

The curious anomaly is thus presented in this case of the plaintiff's assignor having paid into the State treasury in 1902 the franchise tax required by law of foreign corporations duly authorized to do business in this State, although no certificate of such authority had then been issued to it.

So far as the inhibition against maintaining an action may rest upon a failure to comply with the Tax Law, the demurrer should not be sustained, because it is clear that section 181 of the Tax Law is a revenue regulation for the benefit of the State which the latter has the right to waive. (*C. R. Parmele Co.* v. *Haas*, 171 N. Y. 579, 583; *Dunbarton Flax Spinning Co.* v. *G. & J. R. Co.*, 87 App. Div. 21, 23.)

But the failure to procure a certificate as required by section 15 of the General Corporation Law, in view of the explicit language of that provision that no action shall be maintained by a foreign stock corporation " upon any contract made by it in this State unless prior to the making of such contract it shall have procured such certificate," seems to me to be fatal to the plaintiff's rights to maintain this action.

In *C. R. Parmele Co.* v. *Haas* and the *Dunbarton Flax Spinning Co. Case* (*supra*) both section 15 of the General Corporation Law and section 181 of the Tax Law are apparently referred to as mere revenue regulations, but a study of those cases reveals that a consideration of section 15 of the General Corporation Law was not

---

\* Laws of 1896, chap. 908, § 181, as amd. by Laws of 1901, chap. 558.— [REP.

necessarily involved in either of them and any apparent characterization of that act as a "revenue regulation" is *obiter dictum.*

An examination of said section 15 shows that a foreign stock corporation whose business "to be carried on in this State is such as may be lawfully carried on by a corporation incorporated under the laws of this State for such or similar business" is entitled to a certificate of authority to do business in this State upon compliance with the requirements of section 16 of the General Corporation Law* by filing with the Secretary of State a sworn copy in the English language of its charter, "a statement under its corporate seal particularly setting forth the business or objects of the corporation which it is engaged in carrying on or which it proposes to carry on within the State, and a place within the State which is to be its principal place of business, and designating in the manner prescribed in the Code of Civil Procedure a person upon whom process against the corporation may be served within the State."

No fee or tax is requisite for the procurement of a certificate,† and it is clear that the provisions just detailed were primarily designed to regulate and control the business of foreign stock corporations in this State, for the protection of the citizens of the State against any unlawful business of a foreign stock corporation, and to facilitate service upon such corporation when an action is desired to be brought against it, and that they were not enacted as mere revenue regulations.

The phrase "revenue law," so far as it would be here applicable means "a law providing in terms for revenue." (*United States* v. *Hill,* 123 U. S. 681, 686.)

This definition would fit the provisions of section 181 of the Tax Law, but not sections 15 and 16 of the General Corporation Law.

It would, therefore, follow that the acceptance of a license tax by one official, to wit, the State Treasurer, in 1902, although seemingly implying an authority in the plaintiff's assignor to do business in this State, would not constitute a waiver by the State of the general provisions embodied in sections 15 and 16 of the General Corporation Law, which make the issuance by a different official, to wit, the Secretary of State, of a certificate of authority before the

* As amd. by Laws of 1895, chap. 672.— [REP.

† See Executive Law (Laws of 1892, chap. 683), § 26, subds. 7, 13.— [REP.

making of a contract, a prerequisite to the right of maintaining an action thereunder.

The prohibition as to bringing an action found in section 15 of the General Corporation Law is independent of and distinct from that expressed in section 181 of the Tax Law and is so rigidly and inflexibly declared that I cannot find any rule or reason which will enable me to relieve the plaintiff from the unfortunate consequences of the inadvertence alleged in the complaint.

I am constrained to sustain the demurrer that plaintiff has no legal capacity to sue, with leave to plaintiff to plead anew if it be so advised upon the payment of costs.