### HALSEY v. HENRY JEWETT DRAMATIC CO.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

CORPORATIONS—FOREIGN CORPORATION—FAILURE TO PAY LICENSE FEE—SUIT BY ASSIGNEE.

Tax Law, Laws 1896, p. 856, c. 908, § 181, requires foreign corporations to pay a license tax as a condition precedent to maintaining any action in the state. *Held*, that the assignee of a foreign corporation cannot maintain an action on a contract made in the state, when the fee required had not been paid when the action was commenced, and the payment of such fee between the service of the complaint and answer was insufficient.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 2442, 2445.]

O'Brien, P. J., and Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by Henry C. Halsey against the Henry Jewett Dramatic Company. From a judgment overruling demurrers to certain defenses, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Maxwell C. Katz, for appellant.
Nathan Ottinger, for respondent.

McLAUGHLIN, J. The complaint in this action alleges that on the 18th of September, 1899, in the city of New York, the H. A. Thomas & Wiley Lithographing Company, a foreign corporation, entered into a contract with the defendant by which it agreed, for a specified consideration, to do certain lithographing, and deliver the same in the city of New York on or about the 30th of September following; that the defendant failed to perform by neglecting to make certain payments specified in the contract, and by reason thereof the plaintiff, the assignee of the lithographing company, is entitled to recover the damages alleged to have been sustained, for which judgment is demanded.

The defendant in its amended answer, and as a separate and distinct defense, alleges that on the 30th of June, 1898, the plaintiff's assignor, a foreign corporation, not exempt from the license fee required to be paid under section 181 of the tax law (Laws 1896, p. 856, c. 908),

procured from the Secretary of State of New York a certificate of authority, as prescribed by section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), authorizing it to do business in the state of New York; that it then and ever since has had an office and been engaged in business in such state; that the alleged cause of action set forth in the complaint, nor the alleged assignment thereof, did not accrue until more than 13 months after such contract was made; that, although such corporation was authorized to do business in the state of New York, it did not, nor did the plaintiff, as its assignee, prior to the commencement of the action, pay to the Treasurer of the State of New York the license fee required by section 181 of chapter 908, p. 856, of the Laws of 1896, as amended by chapter 558, p. 1364, of the Laws of 1901. By a supplemental answer the defendant alleges substantially the same facts, and, in addition thereto, that the action was begun on the 27th of June, 1901, and that the license fee was paid and a receipt obtained therefor on the 3d of July, 1902. The plaintiff demurred to each defense upon the ground that the same were insufficient in law upon the face thereof. The demurrers were overruled, and the plaintiff appeals.

The questions presented are: (1) Whether the assignee of a foreign corporation authorized to do business in this state, and liable to pay a license fee therefor, under section 181 of the tax law, can maintain an action upon a contract made in this state when the fee required by the section referred to has not been paid when the action is commenced; and (2) whether such action can be maintained if the fee be paid intermediate the service of the complaint and answer.

The answer to the first question seems to be settled by the decision of Kinney v. Reid Ice Cream Co., 57 App. Div. 206, 68 N. Y. Supp. 325. It was there determined that an assignee of a foreign corporation stands in no better position than the corporation itself, and that unless the corporation can maintain an action its assignee cannot. This is a decision of the Second Department, but one which we should follow unless it has been overruled by the Court of Appeals, or is in conflict with a decision of our own department. It has not, so far as I have been able to discover, been overruled by the Court of Appeals, but it is contended by appellant's counsel that it is in conflict with at least two decisions of this department—Box Board & Lining Company v. Vincennes Paper Company, 45 Misc. Rep. 1, 90 N. Y. Supp. 836, affirmed, without opinion, 98 App. Div. 623, 90 N. Y. Supp. 1089, and Emmerich Co. v. Sloane, 46 Misc. Rep. 513, 95 N. Y. Supp. 39, affirmed 108 App. Div. 330, 95 N. Y. Supp. 39, on opinion of court at Special Term. A reference to the record on appeal in the Box Board Company Case will show that the only thing which was necessary to a decision was that it was unnecessary to show affirmatively, in order to procure an attachment, compliance with section 15 of the general corporation law or section 181 of the tax law. A reference to the record in the Emmerich Case will show that the demurrer there interposed was that it did not appear from the complaint that the plaintiff had obtained the certificate authorizing it to do business in this state, as provided in section 15 of the general

corporation law. It is true there are expressions in the opinions in each case which in some respects sustain the contention of appellant's counsel, but such statements were entirely unnecessary to the decisions, and are therefore, at most, mere dictum. That the Kinney Case was correctly decided is strengthened by the amendment which was subsequently made to section 181 of the tax law. The section was originally enacted by chapter 908, p. 795, of the Laws of 1896. The Kinney Case was decided in January, 1901, and on the 26th of April following the Legislature amended the section (chapter 558, p. 1364, of the Laws of 1901) by changing the amount of tax required to be paid, but in all other respects material in this case. The language of the amended section was identical with that in the original, and this notwithstanding section 15 of the general corporation law was amended by chapter 538, p. 1326, of the Laws of 1901, so as to make it applicable to an assignee. The Legislature is presumed to have had knowledge of the decision in the Kinney Case, and the construction which the court had put upon the statute, and the fact that it did not amend the section by making it applicable to the assignee of a corporation must be deemed a legislative interpretation of the section as it had been judicially construed, and that as it stood without amendment it applied not only to a foreign corporation but its assignee. There is abundant authority for the proposition that the re-enactment of a statute which has previously received judicial construction in the same or substantially the same terms amounts to a legislative adoption of such construction. Pulitzer v. City of New York, 48 App. Div. 6, 62 N. Y. Supp. 587; Hakes v. Peck, 30 How. Prac. 104; People ex rel. Outwater v. Green, 56 N. Y. 466; United States v. Gilmore, 8 Wall. (U. S.) 330, 19 L. Ed. 396.

It has been held that, unless it appears in the complaint in an action brought by a foreign corporation that it has obtained the certificate referred to in section 15 of the general corporation law, facts are not stated sufficient to constitute a cause of action. Welsbach Co. v. Norwich Gas & Electric Co., 96 App. Div. 52, 89 N. Y. Supp. 284, affirmed 180 N. Y. 533, 72 N. E. 1152; Emmerich v. Sloane, supra. The objection, however, that a foreign corporation has not complied with section 181 of the tax law is a matter of defense, and must be taken by demurrer if it appears on the face of the complaint (section 488, Code Civ. Proc.), and by answer if it does not so appear (section 498, Code Civ. Proc.). If not taken by demurrer or answer, it is deemed to have been waived. Parmele Co. v. Haas, 171 N. Y. 579, 64 N. E. 440; Dunbarton Flax Spinning Co. v. G. & J. Ry. Co., 87 App. Div. 21, 83 N. Y. Supp. 1054. The language of section 181 of the tax law is that every foreign corporation not excepted, authorized to do business under the general corporation law, shall pay a license tax within the time prescribed, or else it shall not maintain any action in the courts of the state. The answers demurred to allege that this tax had not been paid when the action was commenced, and, if that be true, then the action cannot be maintained. The fact that the tax was paid after the action was commenced does not change the situation. The plaintiff had no right to bring the action, and, having brought it without right,

he cannot, notwithstanding the payment of the tax thereafter made, continue and maintain an action which he, in the first instance, had no right to bring.

I am of the opinion, therefore, that the interlocutory judgment appealed from is right, and should be affirmed, with costs, with leave to the plaintiff to withdraw his demurrers on payment of costs in this court and in the court below. All concur, except O'BRIEN, P. J., and HOUGHTON, J., who dissent.

HOUGHTON, J. (dissenting). The objects sought to be attained by section 15 of the corporation law (Laws 1892, p. 1805, c. 687), and by section 181 of the tax law (Laws 1896, p. 856, c. 908), are widely different. The purpose of section 15 of the corporation law is to prevent foreign stock corporations from coming into the state and doing any business which cannot be lawfully carried on by a domestic corporation, and also to safeguard our own corporations by preventing a foreign one having the same name, or so nearly resembling it as to be calculated to deceive, from engaging in business within the state. If such foreign stock corporation shall submit proofs that it has complied with all the requirements of law, and that the business to be carried on by it in this state is one that can be lawfully carried on by a domestic corporation, and that its name does not infringe upon the name of any domestic corporation, then it becomes the duty of the Secretary of State to issue a certificate to that effect, and thereupon such foreign corporation is authorized to carry on business. The penalty for doing business without this certificate is that it shall not maintain any action in the courts of this state upon any contract made by it, nor shall any assignee have that privilege. When such action is brought, an allegation that it has obtained this certificate and was lawfully doing business is a necessary part of the complaint. Welsbach Co. v. Norwich Gas & El. Co., 96 App. Div. 52, 89 N. Y. Supp. 284, affirmed 180 N. Y. 533, 72 N. E. 1152.

The license tax provided for by section 181 of the tax law is a part of the general taxing scheme of the state for raising revenue. That section provides that every foreign corporation, except those of a certain specified kind which has been authorized by certificate of the Secretary of State to do business under the general corporation law, shall pay a license fee of one-eighth of 1 per centum for the privilege of exercising its corporate franchises or carrying on its business, to be computed upon the basis of the capital stock employed by it within this state. This tax requires computation and assessment by the comptroller. One of the penalties for not paying this license fee is that such corporation shall not, without obtaining a receipt therefor, maintain any action in any of the courts of this state. The fact that it does not obtain this receipt is a matter of defense or demurrer, based on the ground of the capacity of the plaintiff to sue. C. W. Parmele Co. v. Haas, 171 N. Y. 579, 64 N. E. 440. In the course of the opinion in the above case, O'Brien, J., says:

"The objection [that the plaintiff had not paid the license tax], at most, is one as to the character or capacity of the plaintiff to sue. That objection, if the defect appears upon the face of the complaint, must be taken by demurrer. Code Civ. Proc. § 488. If it does not appear upon the face of the complaint. it may be taken by answer. Code Civ. Proc. § 498."

This conclusion is the only logical one, for, being authorized to do business, its contracts were valid, and its disability related only to its capacity to bring suit.

The plaintiff in this action is an individual who is a citizen of this state and has capacity to sue. Lack of capacity, according to the Haas Case, is the only defense which could have been interposed had the corporation itself brought suit. That defense is not available against this plaintiff. In order to hold the answer good, we must go further, and say that, although the plaintiff has capacity and the privilege of coming into the courts and asserting the rights which he obtained by his assignment, yet, because his corporation assignor could not sue, he himself must be debarred. The contract that the plaintiff's assignor made was perfectly legal, for the corporation had a certificate giving it the right to do business in this state at the time it was made. It was a corporation organized under the laws of the state of New Jersey, and it made its assignment to plaintiff in that state. Presumably, it had a right to assign a valid contract to a citizen of this state, and, having that right, in the absence of express prohibition by legislative enactment, I do not see how, its assignee can be prevented from enforcing the obligation. The Legislature has seen fit to say that, if any foreign stock corporation shall make any contract without the certificate giving it the right to do business, neither it nor its assignee shall come into our courts to. enforce an obligation arising therefrom. It has carefully omitted making any such provision with respect to nonpayment of a license fee. It has only prescribed that the corporation itself cannot come into the courts. The contract being legal, the assignment being legal, the plaintiff having capacity to sue, I can see no ground for saying that the defense that plaintiff's assignor had not paid the license tax is a good one. Ample provision is made in the tax law for collecting the license fee, as well as the annual tax upon foreign corporations. Such taxes are made a lien upon their property. Right to bring suit therefor is granted, and heavy penalties are imposed for nonpayment. The collection of the tax is a matter between the state and the corporation, and payment could be enforced or penalties by way of interest be allowed to increase, as the state saw fit. The Legislature could not and did not attempt to say that the valid contract entered into by plaintiff's assignor should be forfeited or annulled in case the license fee was not paid, nor has it expressly said that one to whom it has been assigned should not come into. court to enforce its provisions. It simply provided that the corporation itself should not be permitted to bring action until it had obtained a receipt for payment. Not having provided that an assignee could not bring action, I see no authority for the court so determining. If the doctrine of prohibition against bringing action is to grow beyond the strict wording of the statute, we shall shortly have answers interposed that foreign corporations which have not paid the

license tax have transferred and assigned in the course of its circulation commercial paper upon which action is brought by our domestic financial institutions. It would be unfortunate if the mere passing of a negotiable instrument through the hands of a foreign corporation should prevent its collection by a citizen of our state who became its owner, but no more so than that this plaintiff should be prohibited from enforcing a valid contract validly assigned to him.

That part of the answer demurred to was insufficient in law upon its face, and the demurrer should have been sustained instead of overruled, and the interlocutory judgment should be reversed.

O'BRIEN, P. J., concurs.