ECLIPSE SILK MFG. CO. v. HILLER.

(Supreme Court, Appellate Division, Second Department.   June 9, 1911.)

1. CORPORATIONS (§ 673*)—PRESUMPTIONS.

When a foreign corporation brings a suit in the courts of this state and states a good cause of action in its complaint, it will be presumed that it is rightfully in the state and properly in court until the contrary is made to appear.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2558; Dec Dig. § 673.*]

2. DISMISSAL AND NONSUIT (§ 58*)—FOREIGN CORPORATIONS—PLEADING—RIGHT TO SUE.

Const. art. 8, § 3, provides that all corporations may sue and be sued as natural persons; Code Civ. Proc. § 1779, provides that a foreign corporation may maintain an action to the same extent as a domestic corporation, except as otherwise specially prescribed by law; and section 15 of the general corporation law (Consol. Laws 1909, c. 23), provides that no foreign stock corporation other than a moneyed corporation shall do business in this state without first having procured a certificate of compliance with the laws of the state, and that no foreign corporation doing business in the state shall maintain an action upon any contract made by it in the state, unless it shall have procured such certificate, etc.   Plaintiff's complaint, stating a good cause of action under section 1779, alleged that plaintiff was and is a corporation created and existing under the laws of the state of New Jersey, and the complaint was verified by plaintiff's attorney, and defendant's answer averred that plaintiff was a foreign corporation and had not procured the certificate required by section 15. *Held* that, under the express provisions of Code Civ. Proc. § 522, the answer setting up new matter was deemed to be controverted, and it not appearing from the complaint that plaintiff was doing business in the state, or that it was not rightfully in the state and properly in court, a motion to dismiss, made at the opening of the trial, was improperly sustained, as the objection could be asserted on the trial, if it appeared that the contract was made within the state, and plaintiff had failed to comply with the law.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 134–139; Dec. Dig. § 58.*]

Appeal from Trial Term, Kings County.

Action by the Eclipse Silk Manufacturing Company against Egmont N. Hiller.   From a judgment dismissing its complaint, plaintiff appeals.   Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Philip H. Leifert, for appellant.
Frederick L. Guggenheimer, for respondent.

WOODWARD, J.   The complaint in this action alleges that "at the times hereinafter mentioned the plaintiff was and still is a corporation created and existing under the laws of the state of New Jersey," that "the defendant was doing business under the name or style of the E. N. Hiller Company," and that "on or about and between the dates of October 11 and December 12, 1907, the plaintiff sold and delivered to the defendant certain merchandise, at agreed prices, amounting in

all to the sum of $1,002.20, the same being the reasonable value there-of," and that no part of this sum has been paid, and demands judgment for the amount. This complaint was verified by the attorney of the plaintiff, because the plaintiff "is a foreign corporation," and the defendant, answering, alleged that the "plaintiff was a foreign corporation doing business in the state of New York, that said alleged contract of sale, if made, at all, was made in the state of New York," and that the plaintiff had not procured the certificate required by the provisions of section 15 of the general corporation law (Consol. Laws 1909, c. 23) to authorize the plaintiff to do business in this state, or to maintain this action.

At the opening of the case defendant's counsel moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, in that there was a failure to allege that the plaintiff, a foreign corporation, had procured the necessary certificate, and upon the further ground that the complaint, while showing that the plaintiff was a foreign corporation, did not allege that it was not doing business within the state of New York. The learned court appears to have accepted both propositions as stating the law, and held that in the event of the plaintiff moving to amend the complaint the same would be dismissed. Plaintiff's attorney refused to move for an amendment, and the complaint was dismissed; the plaintiff appealing to this court from the judgment entered upon such decision.

[1] There seems to be some confusion in reference to the requirements under the provisions of section 15 of the general corporation law, notwithstanding the effort of the Court of Appeals in Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21, to end the conflict of authority. Section 1779 of the Code of Civil Procedure provides that an "action may be maintained by a foreign corporation, in like manner, and subject to the same regulations, as where the action is brought by a domestic corporation, except as otherwise specially prescribed by law"; and section 3 of article 8 of the state Constitution provides that "all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons." If John Smith, residing in New Jersey, had come into the courts of the state of New York, and had alleged the same facts which appear in this complaint, other than the allegation of being a corporation, no one would suggest that there was any failure on the part of the pleader to state a good cause of action; and when a foreign corporation brings a suit in the courts of this state, and states a good cause of action in the complaint, it will be assumed that it is rightfully in the state and properly in court until the contrary is made to appear. C. R. Parmele Co. v. Haas, 171 N. Y. 579, 583, 64 N. E. 440. The plaintiff being a foreign corporation, and stating a cause of action which would be good if stated by a domestic corporation, it only remains to determine whether it was "made to appear" judicially to the court below that the plaintiff was not "rightfully in the state and properly in court."

[2] The law clearly contemplates that a foreign corporation may come into this state, through its attorney or agent, and maintain a

cause of action (subdivision 3, § 525, Code of Civil Procedure), and we have only to determine whether it has been "otherwise specially prescribed by law" in the case of the plaintiff, to reach a correct determination upon the question here presented. The only thing before the court was the plaintiff's complaint; for the allegations of the answer, setting up new matter, must be deemed to be controverted (section 522, Code of Civil Procedure), and we are to examine the complaint in connection with the law, to determine whether it does or does not state such a cause of action as the court was called upon to hear, try, and determine.

The only exception to the general rule laid down in the Code of Civil Procedure, in so far as the case now before us is concerned, is found in section 15 of the general corporation law, which provides as follows:

"No foreign stock corporation other than a moneyed corporation, shall do business in this state without having first procured from the Secretary of State a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business. * * * No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate."

It will be noticed that the prohibition does not extend to contracts generally, but to "any contract made by it in this state." In respect to all other contracts it has the same rights as a domestic corporation. It has the same right to equitable relief in a proper case, to an action on tort, and to any and all processes which are open to domestic corporations. It is only when a foreign corporation, "doing business in this state," in competition with domestic corporations, has made a contract within this state, that it is denied the aid of our courts in its enforcement, unless it has complied with the statute, and has become, in practical effect, a domestic corporation for all purposes. A reading of section 16 of the general corporation law will show that this is the purpose of the provision; that it is demanded that, in return for the privilege of suing upon local contracts in the courts of this state, the foreign corporation must place itself in a situation where it can be sued with equal convenience within this state. To bring the plaintiff within the requirements of this provision of the general corporation law (section 15) it must appear that it is a foreign corporation "doing business in this state," and that it has made the contract sued upon in this state.

No such facts appear upon the face of the complaint. It is alleged that the plaintiff is a "corporation created and existing under the laws of the state of New Jersey," and such a corporation has a perfect right to sue in the courts of this state on a contract made with a citizen of the state of New York either within or without the state, provided it has not located in the state of New York for the purpose of doing business within the state. It may send its agent into this state and make a lawful contract and enforce the same within our courts. It is only

when it comes in here and takes up "its principal place of business" within this state (section 16, General Corporation Law) and thus comes into direct competition with domestic corporations, that it is required to have the certificate mentioned in section 15 of the act. The complaint in this action not only does not allege that the plaintiff is doing business in the state of New York, but it does not allege that the contract was made in the state of New York, or even that the defendants were residents or inhabitants of the state of New York at the time the contract was made. For all that appears in the complaint, the defendant may have been a resident of the state of New Jersey, or of California, and the contract may have been made in New Jersey, or in any other state in the Union, or it may have been made within this state by an agent of the plaintiff sent here for the purpose of making such contract. It has not, then, been "made to appear" that the plaintiff, which has stated a good cause of action in its complaint, is not "rightfully in the state and properly in court" (C. R. Parmele Co. v. Haas, supra), and it was clearly error for the court to dismiss the complaint upon the grounds stated by the defendant's counsel.

In the case of Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21, relied upon by the defendant, it was alleged in the complaint that the plaintiff was "a foreign corporation, duly organized under the laws of the state of New Jersey, and having its principal office for the transaction of business in the city of New York, N. Y.," and that the defendant resided at Watertown, N. Y., and that "plaintiff sold and delivered to defendant, at her request, at Watertown, N. Y., all the goods, wares," etc., so that it fully appeared upon the face of the complaint that the plaintiff was a foreign corporation doing business in this state, and that the contract sued upon was made within this state, and the case merely held that it should "be alleged and proved by a foreign corporation, such as the plaintiff, in order to establish a cause of action in the courts of this state," that the provisions of section 15 of the general corporation law have been complied with. It was of a "foreign corporation such as the plaintiff" in that action—a foreign corporation "doing business in this state" as shown on the face of the complaint—of which the court was speaking, and not of a foreign corporation which merely alleges an organization and existence under the laws of New Jersey, where its business is presumptively transacted.

The same situation existed in the case of Welsbach Co. v. Norwich Gas & El. Co., 96 App. Div. 52, 89 N. Y. Supp. 284, affirmed 180 N. Y. 533, 72 N. E. 1152, and the suggestion that the plaintiff is bound to plead that it is not doing business in the state of New York is absurd. Stating a good cause of action under the provisions of section 1779 of the Code of Civil Procedure, the presumption is that the plaintiff is rightfully in the state and properly in court until the contrary is made to appear. C. R. Parmele Co. v. Haas, supra. If, upon the trial, it should be developed that the plaintiff is a foreign corporation doing business in New York, and that the contract in question was made within this state, the objection that the complaint does not state facts sufficient to constitute a cause of action, or that the facts proved do not constitute a cause of action, is open to the defendant (Wood &

Selick v. Ball, 114 App. Div. 743, 100 N. Y. Supp. 119, affirmed 190 N. Y. 217, 83 N. E. 21); but with nothing before the court to show that the plaintiff is a foreign corporation doing business in this state, or that the contract sued upon was made within this state, there was no justification for dismissing the complaint.

The judgment appealed from should be reversed, with costs. All concur.