THE E. A. STROUT FARM AGENCY, Respondent, *v.* CHARLES A. HUNTER, Appellant.

(County Court, Oneida County, May, 1914.)

Corporations— foreign — authorization to do business in this state — pleading — General Corporation Law, §§ 15, 16.

> Where the allegations of a complaint in an action on con-tract, that plaintiff is a foreign corporation and duly author-ized to do business in this state, is specifically denied by the answer, it will be assumed that plaintiff is a stock corporation, in the absence of allegation and proof on the point, and plain-tiff cannot recover without both pleading and proving its com-pliance with sections 15 and 16 of the General Corporation Law.

APPEAL on questions of law from a judgment ren-dered in Justice's Court, town of Boonville.

M. H. Powers, for appellant.

F. A. White, for respondent.

HAZARD, J.  This judgment is founded upon the ver-dict of a jury, and the only question presented and argued upon this appeal is as to the effect of the fail-ure of the plaintiff to specifically plead and to prove

compliance with sections 15 and 16 of the General Corporation Law, it being a foreign corporation.

The original complaint was oral and contained no reference to the corporate character of the plaintiff. Apparently a general denial was interposed. On the adjourned day a written complaint was filed, which, upon the subject in question, stated: " That the plaintiff is a foreign corporation, created and incorporated under the laws of the State of Maine, and duly authorized to do business in the State of New York, under the laws of said State of New York." To this amended complaint an answer in writing was filed, containing, first, a general denial, and later on, the following: " Said defendant further answering said amended complaint avers that said plaintiff is not authorized to do business in the State of New York." No proof seems to have been given by either side upon the subject in question. The action is brought upon a contract to recover commissions upon a sale of real estate. At the time the contract was offered in evidence, and at various times throughout the trial, the objection was raised by the defendant that it was without foundation and incompetent, it not appearing by the evidence that the plaintiff is authorized to do business in the state of New York. These objections were uniformly overruled. At the close of the plaintiff's case a motion was made to dismiss the complaint upon the same ground, which motion was also denied.

What was intended at least to be a leading case upon the subject, and one in which the Court of Appeals expressed a desire to settle some apparent conflict of authority and confusion of ideas, is the case of *Wood & Selick* v. *Ball,* 190 N. Y. 217. In that case there was no allegation in any pleading, nor any evidence that the plaintiff had or had not complied with section 15 of the General Corporation Law. In the trial court

defendant moved for a nonsuit on the ground that the complaint did not state a cause of action, in that it contained no allegation of compliance with section 15 of the General Corporation Law. The motion was granted, and that action was affirmed by the Appellate Division and by the Court of Appeals. The complaint stated that the plaintiff was a New Jersey corporation "having its principal office for the transaction of business in the city of New York." The court, after pointing out that some previous decisions in the courts of this state were made under sections 15 and 16 of the General Corporation Law, and that some other and apparently conflicting decisions were in fact under section 181 of the Tax Law, summarized its decision in the *Wood & Selick* case by saying: "We think that compliance with section 15 of the General Corporation Law should be alleged and proved by a foreign corporation, such as the plaintiff, in order to establish a cause of action in the courts of this state. The cases holding otherwise should be regarded as overruled and the conflict of authority ended."

Notwithstanding the apparently sweeping and clear terms of the decision in the *Wood & Selick* case, the courts seem to have rather industriously indulged in efforts to limit its application. The rule forbidding the benefits of the courts of this state to foreign corporations is of course highly penal in its character, and it is probably due to that fact that courts are disinclined to apply it except to cases which are strictly within the statute. Questions have, therefore, been raised as to just what state of facts constitutes "doing business within the state." And upon that subject are to be found numerous decisions. As applied to the case at bar, I think I must decide that the plaintiff is doing business within the state of New York. The amended complaint alleges the making between plain-

tiff's local representative and the defendant of a written contract, "which is annexed hereto and made a part hereof." Having reference to the said annexed written contract we find that it first contains a statement of the agent's post-office address, and says it is Forestport, N. Y. After some immaterial items there appears, somewhat in the nature of a letterhead or heading, and in large letters, the following: "E. A. Strout Farm Agency, Home Office 47 West 34th St., New York City." It seems to me too clear to require any argument or citation that if this Maine corporation has its "home office" in New York city, that if it is doing any business at all, it is doing it in New York state.

The case of *Eclipse Silk Mfg. Co.* 1. Hiller, 145 App. Div. 568, is one of those cases in which the court seems to have gone to considerable length to help out a foreign corporation, and to minimize and restrict the ruling in the *Wood & Selick* case, for it is there held that to bring the plaintiff within the requirements of section 15 it must affirmatively appear that not only it is a foreign corporation, but that it is doing business within the state, and also that the contract in suit was made within the state, and the holding is that, unless *all* of those things appear, the section does not apply. Stress is laid in the opinion upon the proposition that the "complaint in this action not only does not allege that the plaintiff is doing business in the state of New York, but it does not allege that the contract was made in the state of New York." And it differentiates it from the *Wood & Selick* case in that in that case the following appeared upon the face of the complaint, that the plaintiff was a foreign corporation doing business in this state, and that the contract sued upon was made within this state. Much of the ruling in the *Eclipse* case is founded upon the case of

*Parmele Co.* v. *Haas,* 171 N. Y. 579.    On examining
that case the distinction noted in the *Wood & Selick*
case is apparent, because the ruling in the *Haas* case
is founded upon section 181 of the Tax Law, the com-
plaint in that action alleging specifically that the plain-
tiff had complied with section 15 of the General Cor-
poration Law.    However, if we were bound by the
ruling in the *Eclipse* case, it is to be differentiated
from the case at bar in that it clearly appears in the
case at bar that the contract in question was made
at Forestport, N. Y., so that the *Eclipse* case is not
available to assist the respondent here.

Still another fine distinction and exception is noted
in the case of *South Bay Co.* v. *Howey,* 113 App. Div.
382, where it is held that it must appear from the
pleading, and, if denied, be proven that the plaintiff is
a *stock* corporation.    Again, the case of *Parmele Co.*
v. *Haas* is invoked as an authority.  The case, how-
ever, was reversed in the Court of Appeals (190 N. Y.
240).    Justice O'Brien dissents, mostly upon other
grounds involving questions of practice, although he
does also dissent as to that part of the prevailing
opinion which is to the effect " that the plaintiff is a
stock corporation is shown beyond controversy by the
nature and character of its business."    The majority
of the court also discounts the finely spun theory in-
dulged in in the court below to the effect that the plain-
tiff *might have been a membership corporation.*    It is
true that the provisions of section 15 of the General
Corporation Law are confined to foreign *stock* corpo-
rations, and, as above stated, it is doubtless true that
the drastic provisions of that section should be re-
stricted to apply only to those corporations clearly
within its provisions.

We have here a corporation organized in Maine, and
hence not amenable to the laws and regulations of this

state with reference to corporations organized here. It is, however, clearly doing business within this state, and as was said in the *Eclipse Silk Mfg. Co.* case " in competition with domestic corporations." There remains apparently some conflict of authority upon the effect of the failure to have it affirmatively appear that it is a *stock* corporation, but I think it is within the provisions of the *South Bay Case,* 190 N. Y. 240. The complaint is analogous to that in the *Wood & Selick* case, except that case did not contain an allegation that plaintiff was authorized to do business in this state. In the case at bar there was an utter failure of proof to that effect, but in the *Wood & Selick* case the proof showed that plaintiff was a stock corporation.

While the allegation of the complaint in the case at bar is not specific and definite, and does not in fact contain any reference to sections 15 and 16 of the General Corporation Law, it is probably within the ruling of *United Building Material Co.* v. *Odell,* 67 Misc. Rep. 584, sufficient upon that point. However, that case contained an admission by the defendant, whereas this one does not. The question involved in this case narrows itself to this: In the case of a foreign corporation doing business within the state, and not proven or alleged to be a stock corporation, wherein the complaint alleges that it has complied with the laws of the state of New York made and provided in the case of foreign corporations doing business in this state, and the answer denies that proposition specifically, may we assume that plaintiff is a stock corporation, and must it prove upon the trial that it has complied with sections 15 and 16 of the General Corporation Law? I think the case of *Manufacturers Commercial Co.* v. *Blitz,* 131 App. Div. 17, is decisive upon that point. In that case the plaintiff was in the business of " buying and selling accounts, making con-

tracts and purchasing outstandings," and the court said: "From the nature of such business, and in the absence of proof to the contrary, it must be assumed that the New Jersey company was a stock corporation." The court also said: "Proof of compliance with section 15 of the General Corporation Law must be made by the plaintiff, and in that respect it differs from proof of noncompliance with section 181 of the Tax Law * *. * which is a matter of defense, and must be plead and proved by the defendant." This ruling is also in conformity with that in the case of *Wood & Selick* v. *Ball*, which held that the plaintiff must both allege and prove compliance with section 15 of the General Corporation Law.

I therefore reach the conclusion that plaintiff cannot maintain an action in this state without both pleading and proving compliance with sections 15 and 16 of the General Corporation Law, and that, therefore, the judgment in this case must be reversed, with costs.

Judgment reversed, with costs.