In the Matter of the Estate of EDWIN K. SCHEFTEL, Deceased.

Surrogate's Court, New York County, August 9, 1935.

*Andrew A. Fraser* [*Blaine F. Sturgis,* of counsel], for the executors.

*Patterson, Eagle, Greenough & Day* [*Carroll G. Walter* and *James Lee Kauffman,* of counsel], for the claimant.

*Lewis E. Sisson,* special guardian for infant.

DELEHANTY, S. By decision filed in this accounting proceeding on May 20, 1935 (155 Misc. 632), the claim of Trinity Securities Company was disallowed for the reason that claimant had failed to comply with section 181 of the Tax Law.

Application is now made by objectant to reopen the proceedings on the accounting and for leave to submit a receipt procured by it for the tax payable by it but unpaid at the time of the decision referred to. It appears from the papers that after the decision had been made dismissing the claim, objectant made a report to the State Tax Commission, sought to have fixed the license fee imposed upon it as a foreign corporation by the terms of the Tax Law, procured the fixing by the State Tax Commission of the liability for such tax, paid the tax and procured the receipt which it now seeks leave to submit. It asks additionally that the claim be allowed upon acceptance in evidence of the receipt for the tax. No decree has yet been entered in the accounting proceeding.

Objection to the reopening of the accounting proceeding and to the receipt of the additional proof is made by the accounting execu-

tors on the ground that the court is without power to alter the decision already made. There is here involved no question of clerical error, no fraud, or newly discovered evidence (though there is newly created evidence), nor any "other sufficient cause" (any one of which reasons authorizes this court to open, amend or modify a decree after entry), unless such "other sufficient cause" is to be found in the fact of payment of the tax after the decision had been rendered (Surr. Ct. Act, § 20, subd. 6).

The Surrogate's Court Act requires the making of a decision by the surrogate. While in the practice of this court the form of the decision does not follow that in use in the Supreme Court, the purpose of it is the same and there seems no basis for holding that its legal effect differs in any respect. If this view is correct, then there is no power in the court to alter the decision. (*Hydraulic Power Co.* v. *Pettebone-Cataract Paper Co.*, 194 App. Div. 819; *Herpe* v. *Herpe*, 225 N. Y. 323; *Chester* v. *Buffalo Car Mfg. Co.*, 183 id. 425.)

Apart from this question of power and dealing with the merits, the precise point involved on the facts here was passed upon by the Appellate Division in this Department in *Halsey* v. *Jewett Dramatic Co.* (114 App. Div. 420). It was there held that a foreign corporation which initiated an action before paying what was then required as a license fee under the Tax Law could not avoid the bar of the Tax Law even though it paid the fee before the answer was served. Though the case cited was reversed for other reasons (190 N. Y. 231), no comment was made in the opinion of reversal in disapproval of the view of the Appellate Division. The Appellate Division said: "The fact that the fee was paid after the action was commenced does not change the situation. The plaintiff had no right to bring the action and having brought it without right, he cannot, notwithstanding the payment of the fee thereafter made, continue and maintain an action which he, in the first instance, had no right to bring." These words are pertinent here. This objectant has speculated upon its chances in the courts of this State. It defaulted for many years in the payment of the obligation which it owed to the state. It presented its claim and only after it was advised by the decision of the court that the sole objection to it was non-compliance with the Tax Law did it perform the obligation which had always rested on it since its first entry into this State for the purpose of doing business. Its legal position throughout has been that the provision of the Tax Law was not applicable to it and that it had the right to pursue its remedies in our courts. The Tax Law would lose all its virility as a means of compelling foreign corporations to submit themselves to our laws if any such fast and loose practices

were to be approved. That the Tax Law has vigor and that the statutory penalty for non-compliance will be enforced can be seem by reference to the case of *Wylie* v. *Addoms* (268 N. Y. 160).

It is only by payment of the tax that a foreign corporation becomes entitled to enforce its rights in our courts. The right, if it exists at all, must exist at the time the action is initiated. In the practice of the Surrogate's Court that is when the claim is filed with the estate representative. At that time this objectant had no right to sue in the courts of this state. By appropriate pleadings and proof the lack of right to be heard in our courts was established. To permit the prescribed penalty, *i. e.*, prohibition of access to our courts, to be avoided by the expedient of paying the tax only if that is the last step necessary to collect the claim would be to emasculate the Tax Law and to impose upon trial judges the burden of deciding what would turn out to be moot cases. The rule for decision is stated in *Halsey* v. *Jewett Dramatic Co.* (114 App. Div. 420). This objecting creditor has not established any right to proceed in this court by reason of the payment of the tax since the decision of the court was filed.

Accordingly the application for leave to submit proof of payment of the tax is denied. The stay of entry of the decree is vacated.

Submit, on notice, order denying the application.