## UNITED STATES *v.* HILL.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MASSACHUSETTS.

Submitted November 21, 1887. — Decided December 12, 1887.

On an examination of the face of the record in this case, it appears that the
amount due the United States is less than the penalty of the bond, given
by defendant in error for the faithful performance of his duties as an
officer, viz.: $517.07, and possibly a small amount of interest ; and as
the jurisdiction of this court in an action on such a bond depends upon
the amount due for the breach of the condition, the court is without
jurisdiction.

The term " revenue law," when used in connection with the jurisdiction of
the courts of the United States, means a law imposing duties on imports
or tonnage, or a law providing in terms for revenue; that is to say, a law
which is directly traceable to the power granted to Congress by the con-
stitution " to lay and collect taxes, duties, imposts, and excises."

Section 844 Rev. Stat., requiring the clerk of a court of the United States
to pay into the Treasury any surplus of fees and emoluments which his
return shows to exist over and above the compensation and allowances
authorized by law to be retained by him, is not a revenue law within the
meaning of that clause of § 699 Rev. Stat. which provides for a writ of
error without regard to the sum or value in dispute, " upon any final
judgment of a Circuit Court . . . in any civil action brought by the
United States for the enforcement of any revenue law thereof."

MOTION TO DISMISS, with which was united a motion to affirm.
The case is stated in the opinion of the court.

*Mr. John Lowell* for the motions.

*Mr. Attorney General* and *Mr. Assistant Attorney General
Maury* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a suit brought on the official bond of Clement Hugh
Hill, as clerk of the District Court of the United States for the
District of Massachusetts, for " not properly accounting for all
moneys coming into his hands, as required by law, according
to the condition of said bond." The bond was in the penal
sum of $20,000, and in the original writ the damages were
laid at $2000. The bill of exceptions shows that the contro-

versy in the suit was as to the liability of the clerk to account to the United States for moneys received by him in naturalization business. The questions involved are in many respects the same as in *United States* v. *Hill*, 120 U. S. 169, though in some important particulars the two cases differ.

Under the instructions of the court the jury found a verdict for the defendants on the 26th of July, 1887. On the 3d of August, and before judgment, the writ was amended, with leave of the court, by increasing the *ad damnum* from $2000 to $20,000. Then, on the 24th of August, a judgment was entered in due form on the verdict, "that the plaintiff take nothing by the writ." To reverse that judgment this writ of error was brought, which the defendants now move to dismiss, because the value of the matter in dispute does not exceed five thousand dollars. The motion is based upon the following statement which appears as part of the bill of exceptions:

"This is an action upon the official bond of the defendants, given by the defendant Hill as clerk of the District Court for this district. The pleadings are made a part of this bill of exceptions, and may be referred to. The only breach of the bond relied upon was that set out in the declaration of the failure of Hill to account for all moneys received; and, under this assignment of breach, no claim was made that the said Hill had neglected to account for any other sums or moneys than those received by him in naturalization cases. It appeared as a fact that the total amount of naturalization fees received by the defendant Hill since the date of former suit, viz., December 4, 1884, and not accounted for, was as follows:

"July to Dec., 1884 . . . . . . . . . . . . $2720.58
1885 . . . . . . . . . . . . . 1146.50
1886 . . . . . . . . . . . . . 2325.00
"Jan. to June, 1887 . . . . . . . . . . . . 838.00

"It also appeared that in 1884, adding the naturalization fees to the other fees, the two together exceeded the clerk's maximum allowance by the amount of $517.07, but since then, adding the two together, the clerk has not received the maximum allowed him by law."

As early as *United States* v. *McDowell,* 4 Cranch, 316, it was decided that in an action on an official bond given for the faithful performance of the duties of an office our jurisdiction would depend on the amount due for the breach of the condition, and not on the penal sum. This is not denied in the argument of the Attorney General submitted in opposition to this motion, but he insists:

1. That it does not appear legitimately on the face of this record that the amount due is less than the penalty of the bond ; and,

2. That this is a suit brought for the enforcement of a " revenue law " of the United States, and, therefore, this court has jurisdiction for the review of the judgment under § 699 of the Revised Statutes " without regard to the sum or value in dispute."

In support of the first objection, it is claimed that the foregoing statement as to the amount due from the clerk is not properly a part of the bill of exceptions. We cannot so understand the record, which shows this entry : " The following is the bill of exceptions presented to the plaintiffs and allowed by the court before entry of judgment." Then, evidently as the file mark of the paper, " *Plaintiff's exceptions — Allowed August* 24, 1887."

The paper itself, thus described and identified, began with the statement given above, which was evidently intended as an admission on both sides of the undisputed facts in the case so that the trial might be confined to the real matter in dispute, to wit, the liability of the clerk to account for moneys received in naturalization business as part of his official emoluments. To show this liability, notwithstanding the case of *United States* v. *Hill, ubi supra,* which had been decided on an agreed statement of facts, the United States attorney offered to prove that " Hill had received large sums of money as the ordinary and usual fees upon the application of foreigners to be naturalized in the District Court of which he was clerk, and for the issuance of certificates of naturalization and for filing papers and administration of oaths, and for other official acts required by law in the naturalization in due man-

ner of foreigners." In another part of the bill of exceptions it appears that "the attorney for the United States stated that he claimed that the fees received by said Hill in naturalization cases were those specifically provided for by statute for like acts done by the clerk in all cases; that he did not claim to recover for any sums received for services and acts which any unofficial person might do for the court, but for those sums received for acts done as clerk of the District Court, which make the history of the case on the records of the court, and which cannot legally be performed by any other than a clerk of a United States court, and which are done in that capacity." Read in the light of this disclaimer, the offer of proof was no more than that "large sums" of the money, which it was admitted Hill had received in naturalization business, were for fees specifically fixed by statute, and, therefore, to be accounted for. Such being the case, there is nothing inconsistent between the introductory statement and the offer of proof. It is clear, therefore, that the statement was intended to be, and is in fact, a part of the record to be considered by us. Being a part of the record, it shows that the value of the matter in dispute does not exceed $5000, because in no event could there have been a recovery in the action of more than $517.07, and possibly a small amount of interest.

The part of § 699 of the Revised Statutes which is relied on as giving us jurisdiction, notwithstanding the small amount involved, is the second subdivision, which provides for a writ of error without regard to the sum or value in dispute, upon "any final judgment of a Circuit Court . . . in any civil action brought by the United States for the enforcement of any revenue law thereof." The original statute, of which this is a reënactment, was passed May 31, 1844, c. 31, 5 Stat. 658, and is as follows :

"That final judgments in any Circuit Court of the United States, in any civil action brought by the United States for the enforcement of the revenue laws of the United States, or for the collection of duties due, or alleged to be due, on merchandise imported therein, may be reëxamined, and reversed or affirmed, in the Supreme Court of the United States, upon

writs of error, as in other cases, without regard to the sum or value in controversy in such action, at the instance of either party."

Section 823 of the Revised Statutes provides that " the following and no other compensation shall be taxed and allowed to . . . clerks of the Circuit . . . Courts." " The following " here referred to is found in § 828, which prescribes the fees of a clerk. Thus far the legislation has reference only to the compensation to be paid a clerk for his services. But § 839 provides that the clerk shall be allowed to retain of the fees and emoluments of his office, for his personal compensation, a sum not exceeding $3500 a year. Section 833 makes it his duty to report, semiannually, to the Attorney General, all the fees and emoluments of his office, and all necessary expenditures, with vouchers for their payment. Section 844 then requires him to pay into the Treasury any surplus of such fees and emoluments which his return shows to exist over and above the compensation and allowances authorized by law to be retained by him.

The precise question for decision is, whether this section, which provides for the payment by the clerk into the Treasury of the surplus moneys received by him as the fees and emoluments of his office, is a "revenue law," within the meaning of that clause of § 699 which is relied on, and we have no hesitation in saying that it is not. As the provision relates to the jurisdiction of this court for the review of the judgments of the Circuit Courts, it is proper to refer to the statutes giving jurisdiction to those courts to see if there is anything there to show what the term "revenue law," as here used, means. Looking, then, to § 629 of the Revised Statutes, we find that by the fourth subdivision the Circuit Courts have been granted original jurisdiction " of all suits at law or in equity arising under any act providing for revenue from imports or tonnage," and " of all causes arising under any law providing internal revenue." And again, by the twelfth subdivision, " of all suits brought by any person to recover damages for any injury to his person or property on account of any act done by him under any law of the United States for the protection or col-

lection of any of the revenues thereof." This clearly implies that the term "revenue law," when used in connection with the jurisdiction of the courts of the United States, means a law imposing duties on imports or tonnage, or a law providing in terms for revenue; that is to say, a law which is directly traceable to the power granted to Congress by § 8, Art. I, of the Constitution, "to lay and collect taxes, duties, imposts, and excises." This view is strengthened by the third subdivision of § 699, which gives this court jurisdiction, without reference to the value in dispute, of "any final judgment of a Circuit Court . . . in any civil action against an officer of the revenue, for any act done by him in the performance of his official duty." Certainly it will not be claimed that the clerk of a District Court of the United States is an "officer of the revenue," but there is nothing to indicate that the term revenue has any different signification in this subdivision of the section from that which it has in the other. The clerk of a court of the United States collects his taxable "compensation," not as the revenue of the United States, but as the fees and emoluments of his office, with an obligation on his part to account to the United States for all he gets over a certain sum which is fixed by law. This obligation does not grow out of any "revenue law," properly so called, but out of a statute governing an officer of a court of the United States.

It follows that this is a case where our jurisdiction depends on the value of the matter in dispute, and, as that is not sufficient in amount, that the motion to dismiss must be granted. It is, consequently, so ordered.

*Dismissed.*