## UNITED STATES v. MASON.

### (Circuit Court of Appeals, First Circuit. February 24, 1904.)

#### No. 500.

1. FEDERAL COURTS—CLERKS—FEES COLLECTED.

Moneys in the hands of the clerk of a federal district court are the property of the government, subject only to the payment of his personal compensation and necessary office expenses, including clerk hire.

2. SAME—BANKRUPTCY—BLANKS—PRINTING.

Where a federal district judge decided that bankruptcy forms were reasonably necessary for the proper administration of justice in order to insure uniformity, and thereupon ordered the District Court clerk to have certain approved forms printed and distributed, and to pay for the same from the receipts of his office, the printing of such forms, in so far as they were to be used for records by referees, etc., could not be regarded as stationery or a necessary expense of the clerk's office, within Rev. St. U. S. § 833 [U. S. Comp. St. 1901, p. 642], authorizing clerks of the district courts to retain from the fees of their office all necessary expenses thereof, but the clerk was entitled to pay, as a "necessary expense," for the printing of such portion of the forms as were necessary to inform the referees, etc., of the forms adopted by the court.

In Error to the District Court of the United States for the District of Massachusetts.

William H. Garland, Asst. U. S. Atty., and Henry P. Moulton, U. S. Atty.

William A. Pew, Jr., for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

PER CURIAM. This is a writ of error to review the judgment of the District Court in an action upon the official bond of the clerk of the District Court of the United States for the District of Massachusetts. The case was submitted to the District Court upon an agreed statement of facts, supplemented by the testimony of Mason, the defendant. It is agreed:

"That, while acting in the capacity of clerk of said court, defendant purchased, or caused to be printed, by order of the court, certain blank forms, to be used by the referees and clerk in bankruptcy; said forms being adopted and approved by the honorable judge of this court for the purpose of securing uniformity in the various forms used in the court of bankruptcy, and for the convenience of the court in considering the return made to it by the referees, and in dealing with matters of bankruptcy. That said court decided that said forms were reasonably necessary for the proper administration of justice, and ordered the clerk to cause the same to be printed and distributed, and to pay for the same from the receipts of the clerk's office."

The amount in question is $411.14, the government having abandoned its contention as to all other items.

The moneys in the hands of the clerk are the property of the government, subject only to the payment of his personal compensation and his necessary office expenses, including necessary clerk hire. The clerk is the collecting agent for the government. Bean v. Patterson, 110 U. S. 401, 4 Sup. Ct. 23, 28 L. Ed. 190. His duties as collecting agent are prescribed by statutes governing an officer of

a court of the United States. United States v. Hill, 123 U. S. 681, 8 Sup. Ct. 308, 31 L. Ed. 275. By section 833, Rev. St. U. S. [U. S. Comp. St. 1901, p. 642], it is provided that he shall make to the Attorney General returns of the fees and emoluments of his office, and of all the necessary expenses of his office. By section 844, Rev. St. U. S. [U. S. Comp. St. 1901, p. 647], he is required to "pay into the treasury, or deposit to the credit of the Treasurer, as he may be directed by the Attorney General, any surplus of the fees and emoluments of his office, which said return shows to exist over and above the compensation and allowances authorized by law to be retained by him."

To entitle the clerk to credit for the items disallowed, authority must first be found in the statutes. That "necessary office expenses" may be allowed as a proper credit appears from section 833 and section 839, Rev. St. U. S. [U. S. Comp. St. 1901, p. 645]. Passing the questions which arise from the statement that the expense was incurred without previous authority from the Attorney General, we will consider whether the expenditures can be regarded as for necessary expenses of the clerk's office. In this connection, we may consider the facts that the court ordered the blanks that they might be used by the referees and clerks in bankruptcy; that the forms were adopted and approved by the district judge for the purpose of securing uniformity in the various forms used in the court of bankruptcy, and for the convenience of the court in considering the return made to it by the referees and in dealing with matters in bankruptcy, and that the District Court decided that said forms were reasonably necessary for the proper administration of justice; and that all of these blanks, after being filled out, were returned to the clerk, and ultimately became a part of the record of the court in bankruptcy cases, and were the only record.

To regard this expenditure merely as for stationery would be a narrow view. The printed blanks were for the use of the referees, not as mere stationery, but were also directions to them in fulfilling their duties as officers of the bankruptcy court in making up the judgments of the bankruptcy court and its records.

That the most practical means to give instructions to a large number of referees in different parts of the district, to hold them to uniformity in methods, and to provide for orderly and convenient records of the court, was to issue sample forms, adopted and approved by the court, is obvious. To one at all familiar with bankruptcy procedure, it is evident that the preparation of practical blanks involves much more than the promulgating of an ordinary rule of court. The practical way to tell the referees and clerk what to do was not by mere pen-written orders, but by preparing sample blanks with the aid of a printer, who could provide suitable type, and suitable spaces for entries and for signatures, and make a sufficient number of duplicates. All these matters of form, size, and arrangement were most important, and were under the control of the District Court. The purpose of the order was to enable the court to do bankruptcy business in an orderly and proper manner, not to provide stationery for referees.

What was done comprehended, in substance, three things: The issuance, through the clerk, of directions of the judge to the referees; the provision of blank forms for the use of referees, which blanks, when filled, subsequently became the records of the bankruptcy court; and the provision of stationery for the use of referees. So far as the blanks are to be regarded as stationery, it was stationery for the use of referees, and not for the use of the clerk. So far as the blanks were for records, we think they cannot be regarded as for the use of the clerk, or their printing as a necessary expense of his office, within the meaning of the statute. By reference to Bankruptcy Act, §§ 39, 42 (Act July 1, 1898, c. 541, 30 Stat. 555, 556, 557 [U. S. Comp. St. 1901, pp. 3436, 3437], it will be seen that the duty of making up such portions of the record as were made upon blanks furnished to referees is not a duty of the clerk, but of the referees, who are officers whose duties are defined by statute. By General Orders in Bankruptcy, § 35, pars. 2, 4 (89 Fed. xiii, xiv, 32 C. C. A. xxxiv), it appears that the Supreme Court has so interpreted the bankruptcy act as to permit the reimbursement of the referees for necessary expenses out of particular estates. Brandenburg on Bankruptcy (3d Ed.) c. 62. Provision being made for expenses incident to the office of referees, such expenses cannot be regarded as necessary expenses of the clerk's office. The only aspect in which the furnishing of such blanks can be regarded as within the duties of the clerk is that it was a communication to the referees of forms adopted and approved for the regulations of referees.

The United States attorney urges that:

"If the court desired to secure uniformity in returns of referees in bankruptcy cases, he might have prescribed a form, and have directed the clerk to send it to the various referees throughout the district."

For reasons before stated, we are of the opinion that it cannot be said that the printing of sample forms for this limited purpose was not a necessary expense of the clerk's office. While it is true that it might have been possible for a clerk, with pen and ruler, to make by hand a sufficient number of copies, the inconvenience of doing so amounted to a practical necessity for printing, in order to carry out the directions of the court. It cannot be said, as a matter of law, that printing either by rubber stamps or by machine presses can in no instance be a necessary expense of the clerk's office.

As the case comes before us, the only objection properly made by the United States to the allowance of the item of $411.14 is that it was not disbursed for "necessary office expenses." For the reasons that we have shown, evidently a portion of it was not for such expenses; and, as all the circumstances under which the expenditures were made are open on this record, we hold, for the reasons stated, that for such portion the United States is entitled to recover on the bond in suit. But under the assignment of errors, so much of the item of $411.14 as was for "necessary office expenses," on the principles we have stated, cannot be recovered by the United States, and this independently of whether the work was done with the pen and ruler or by printing. We say "under the assignment of errors," because clearly none of them properly raises any distinct question un-

der the regulations of any of the departments, and all of them go to the merits of the expenditures, without regard to any regulation. This is true of the fourth assignment, which contains the expression, "without the authorization of the Department of Justice or of any express provision of law," since it also contains the words, "for the purchase of supplies not required for use in the administration of his office as such clerk." The assignment of errors concludes with a sweeping paragraph, but this, of course, is limited by the context. Therefore, so far as the expenditures in dispute were actually for "necessary office expenses," they should be allowed. As the record stands before us, we cannot, of course, ascertain how much of the item of $411.14 should be appropriated to them, if any.

The judgment of the District Court is reversed, and the case is remanded to that court for further proceedings in accordance with our opinion passed down this day, and neither party recovers costs on appeal.