Marguerite SWIFT, Plaintiff,

v.

BOONSLICK SAVINGS & LOAN ASSOCIATION, and R. W. Meyer, Defendants.

No. 78–4001–CV–C.

United States District Court, W. D. Missouri, C. D.

March 15, 1978.

Kenneth I. Grissinger, Kansas City, Mo., for plaintiff.

Dale Reesman, Boonville, Mo., for defendants.

### ORDER

ELMO B. HUNTER, District Judge.

Plaintiff brings this action in tort, claiming that she was defrauded and deceived by defendants in a transaction with them involving a real estate loan. Jurisdiction is

based upon diversity of citizenship. 28 U.S.C. § 1332.

By motion filed January 30, 1978, defendants have asked that the Court quash or set aside service of process or, in the alternative, dismiss the action for lack of jurisdiction. In support thereof, defendants state that this action involves a contract by and between plaintiff and George L. Swift on the one hand and defendant Boonslick Savings and Loan Association on the other, thus making George L. Swift an indispensable party to this action.

█ Initially, it should be observed that this Court does have subject matter jurisdiction of this action. As stated in 7 Wright & Miller, Federal Practice and Procedure: Civil §§ 1601, 1611 (1972):

> "[F]ailure to join a party under Rule 19 is not really a jurisdictional matter inasmuch as the court does have subject matter jurisdiction over the action before it; what is involved is a question of whether the court should decline to adjudicate the dispute because certain persons are absent.

> .  .  .  .  .

> "The use of the 'jurisdiction' label should be discontinued because it has caused considerable confusion in diversity cases. Assume A from Michigan wishes to sue B from Texas for nonperformance of a contract. He may do so in a federal court because diversity of citizenship exists. But suppose that C who is also from Michigan is found to be an indispensable party defendant under Rule 19(b). The joinder of C cannot be ordered without destroying the court's diversity jurisdiction, and therefore the action will have to be dismissed. What has happened in this situation is that the court has determined that because it lacks the ability to add C to the action, 'in equity and good conscience' it cannot go forward without him. Of course, the jurisdictional limitations placed on the federal courts have made it impossible for plaintiff to cure the nonjoinder of someone regarded as

essential to the just adjudication of the action. .  .  .  But it is important to recognize that the court does have jurisdiction both over the parties properly before it and the subject matter of the action, even though the indispensable party cannot be joined. The decision by the court not to proceed is based on equitable considerations alone."

Defendants' motion to dismiss for lack of jurisdiction is, therefore, inappropriate. However, a reading of defendants' suggestions in support of its motion reveals that the thrust of defendants' argument is that plaintiff has failed to join an indispensable party to this litigation: Mr. George L. Swift. Mr. Swift being a Missouri citizen, his joinder would, of course, destroy this Court's jurisdiction.[1] This Court will therefore treat defendants' motion as one to join Mr. Swift as an indispensable party pursuant to Rule 19(b), F.R.Civ.P.

Rule 19(b) provides:

"Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

Defendants, in their motion and suggestions in support thereof, have wholly failed to argue that any of the four considerations enumerated in Rule 19(b) militate the dismissal of this action for nonjoinder of Mr.

1. Defendants are Missouri residents.

Swift. Rather, defendants merely argue that this is an action by co-obligors on a contract for breach of that contract and that, as such, Mr. Swift is an indispensable party. Defendants, however, misconstrue plaintiff's cause of action.

Plaintiff does not sue for damages for breach of contract; nor does she ask that her contract with defendant Boonslick Savings and Loan Association be reformed or rescinded. Instead, she is suing for actual and punitive damages resulting from an alleged fraud perpetrated upon her by defendants. While this allegedly fraudulent scheme did entail the signing of certain mortgage papers, and while Mr. Swift also signed these papers, this does not make Mr. Swift an indispensable party to plaintiff's present action for fraud and deceit.

The conclusion is, therefore, compelled that in equity and good conscience, this action should proceed among the parties now before the Court.

Consequently, it is hereby

ORDERED that defendants' motion filed January 30, 1978 be, and it is hereby, denied. It is further

ORDERED that defendants, and each of them, be, and they hereby are, directed to file their answers to plaintiff's Complaint on or before March 31, 1978.