**Monica JORDAN and Louis Jordan Plaintiffs**

v.

**WASHINGTON MUTUAL BANK and First Horizon Home Loan Corporation Defendants**

**No. CIV.H–02–1465.**

United States District Court, D. Maryland.

July 30, 2002.

---

Howard J. Needle, Baltimore, Md, Plaintiffs.

L. Mark Winston, Glazer and Siegel PLLC, Washington, DC, David B. Hamilton, Kelly J. Davidson, Ober Kaler Grimes and Shriver, Baltimore, MD, for Defendants.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, Senior District Judge.

The plaintiffs in this civil action are Monica Jordan and her husband Louis Jordan ("the Jordans"). Named as defendants are Washington Mutual Bank ("Washington Mutual") and First Horizon Home Loan Corporation ("First Horizon"). There are nine counts in the complaint, two of which have been brought under federal law and seven of which have been brought under Maryland law. Diversity jurisdiction is alleged to exist under 28 U.S.C. § 1332, and federal question jurisdiction is alleged to exist under 28 U.S.C. § 1331.

Count I asserts a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Count II has been brought under the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* Counts III–VII allege claims under state law for defamation of credit, negligence, fraud, breach of fiduciary duty, and breach of implied covenant of good faith and fair dealing. In Count VIII, it is alleged that both defendants violated a Maryland statute by increasing the interest rate payable by plaintiffs by more than one percent only one month after settlement. Count IX alleges that defendant First Horizon violated another Maryland statute by improperly charging a finder's fee. A recovery against only defendant Washington Mutual is sought in Counts I—VII, and a recovery against only defendant First Horizon is sought in Count IX. Count VIII names both Washington Mutual and First Horizon as defendants.

Defendant Washington Mutual has filed an answer to the complaint. Defendant First Horizon has filed a motion to dismiss the complaint for failure to join a proper party and for failure to state a claim upon which relief can be granted. Memoranda in support of and in opposition to this motion have been submitted by the parties.

Following its review of the pleadings and memoranda, this Court has concluded that no hearing is necessary for a decision on the pending motion to dismiss of defendant First Horizon. *See* Local Rule 105.6. For the reasons stated herein, the motion to dismiss of defendant First Horizon will be granted in part and denied in part.

## I

### Background Facts

The complaint is 15 pages in length and contains 49 paragraphs. Paragraphs 6

through 22 describe in some detail the transactions at issue and the relationship between the Jordans and the defendants which led to the claims asserted here. As alleged in the complaint, the background facts are as follows.

Plaintiffs are the owners as tenants by the entireties of the property located at 11805 Ivy Mill Road, Reisterstown, Maryland. They are the grantors in a deed of trust dated November 22, 2000 securing a loan on the property in the principal amount of $336,000. The lender was defendant First Horizon. An Adjustable Rate Note ("the Note") in favor of First Horizon was executed by the Jordans on November 22, 2000.[1] In January, 2001, the loan was assigned to defendant Washington Mutual, and the Jordans were instructed to thereafter make monthly payments to Washington Mutual.

The Note provides that the 3.950% interest rate was to last for one year. On December 22, 2000, plaintiffs received a letter indicating that the rate would increase on January 1, 2001 to 8.875%. According to plaintiffs, the Note provided that there would be no prepayment penalty. Plaintiffs allege that they were required to sign on November 22, 2000 a Note Addendum stating that there would be a prepayment penalty in the amount of 3% if the loan was paid in the first year, 2% if it was paid in the second year and 1% if it was paid in the third year.

According to plaintiffs, all of the payments required by the Note were made by them on time. Although their March, 2001 payment was not timely received by Washington Mutual, they arranged for an electronic transfer so that the funds would be received on time. In spite of their timely payments, Washington Mutual reported to major credit agencies that the Jordans had been late on two payments and that their loan was in arrears. Plaintiffs allege that their credit rating has been damaged and that they have been unable to expand their business or receive credit for necessary purchases as a result of the wrongful acts of defendant Washington Mutual.

II

*Claims Against Defendant First Horizon*

In Count VIII of the complaint, plaintiffs allege that defendant First Horizon violated § 12–118 of the Commercial Law Article of the Annotated Code of Maryland. That statute applies to certain types of loans but not to others. It prohibits a lender from including in certain types of loan agreements provisions permitting the lender to adjust the interest rate more frequently than once in a six month period and permitting the lender to increase the interest rate more than one percentage point above the rate in effect prior to the rate change. Plaintiffs allege that First Horizon violated these statutory provisions when it raised their interest rate only one month after the note was executed and when the interest rate was increased in that one month by 4.928%.

In Count IX, plaintiffs assert that defendant First Horizon violated § 12–805(d) of the Commercial Law Article of the Annotated Code of Maryland. That statute provides that a finder's fee may not be charged by the mortgage broker unless it is pursuant to a separate written agreement between the mortgage broker and the borrower. At the settlement, plaintiffs were charged a finder's fee. They allege that no separate agreement was signed by

---

1. The Note was also signed by John L. Myers and Margaret A. Myers, the grandparents of plaintiff Monica Jordan.

them providing for the payment of a broker's fee, and they were not advised of the terms of the broker's services or fee until a few days before settlement. In Count IX, plaintiffs seek damages from defendant First Horizon in an amount which is three times the finder's fee paid by them.

## III

### *Applicable Law*

Defendant First Horizon has moved to dismiss the complaint as to it on several grounds. First, it is argued that the complaint should be dismissed pursuant to Rule 12(b)(7), F.R.Civ.P., for failure of plaintiffs to join necessary parties as required by Rule 19. Next, defendant First Horizon contends that the claim asserted by plaintiffs in Count VIII of the complaint must be dismissed pursuant to Rule 12(b)(6) because that claim is not maintainable under Maryland law and in any event is preempted by federal law. Finally, defendant First Horizon argues that the claim asserted by plaintiffs in Count IX of the complaint must be dismissed pursuant to Rule 12(b)(6) because the Maryland statute relied upon applies to a mortgage broker but not to a lender like First Horizon.

Under Rule 12(b)(7), a defendant may move to dismiss a complaint for "failure to join a party under Rule 19." Rule 19 deals with the joinder of persons needed for just adjudication and provides in part as follows:

(a) Persons to be joined if feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made party . . . .

Under Rule 12(b)(6), a defendant named in an action may file a motion to dismiss for "failure to state a claim upon which relief can be granted." It is well established that a motion to dismiss under Rule 12(b)(6) should be denied unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The issue in reviewing the sufficiency of the pleadings in a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims made. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

As an exhibit to its motion to dismiss, defendant First Horizon has submitted the Adjustable Rate Note of December 22, 2000 which is at issue here. In their opposition, plaintiffs contend that the motion to dismiss should be converted into a motion for summary judgment. They have submitted various exhibits, including an affidavit of plaintiff Monica Jordan, correspondence and other documents.

On the record here, this Court concludes that the pending motion should be treated solely as a motion to dismiss. The mere fact that defendant First Horizon has attached as an exhibit the Note at issue does not convert defendant's motion into a mo-

tion for summary judgment and thereby permit plaintiffs to rely on various evidentiary materials in support of their claims.

■ In deciding a Rule 12(b)(6) motion, a court may consider not only allegations of the complaint but also documents referred to in the complaint and relied upon by plaintiff in bringing the action. *Abadian v. Lee*, 117 F.Supp.2d 481, 485 (D.Md. 2000); *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47–48 (2d Cir.1991). Plaintiffs are not entitled to convert defendant's motion into one seeking summary judgment merely by filing an affidavit and other exhibits. There has been no discovery in this case. Until the facts have been developed by way of appropriate discovery procedures, the Court will not undertake to consider whether summary judgment should be entered in favor of a party.

■ Even if the Court were to conclude that it should at this early stage of the case consider "matters outside the pleading," the Court would be required to give the parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *See* Rule 12(b). The Fourth Circuit has held that if a party has not been afforded an opportunity for reasonable discovery, a district court's treatment of a motion to dismiss as a motion for summary judgment is an abuse of discretion. *Gay v. Wall*, 761 F.2d 175, 177–178 (4th Cir.1985).

Following its review of the parties' memoranda and the applicable authorities, this Court has concluded that Count VIII must be dismissed as to defendant First Horizon pursuant to Rule 12(b)(6) because that Count has failed to state a claim against First Horizon upon which relief can be granted. However, Count IX does allege a proper claim against defendant First Horizon upon which relief can be granted, and that Count will therefore not be dismissed.

## IV

### Discussion

#### (a)

#### Rule 12(b)(7)

In support of its motion to dismiss, defendant First Horizon first argues that the complaint should be dismissed under Rule 12(b)(7) for failure of plaintiffs to join a necessary party as required by Rule 19. The Note at issue in this case was signed by plaintiff Monica Jordan and by plaintiff Louis Jordan. Since the Note was also signed by John L. Myers and Margaret A. Myers ("the Myers"), defendant contends that these two individuals should have been joined as plaintiffs in this case. According to defendant, in the absence of the two Myers as additional plaintiffs, complete relief cannot be granted, and defendant would be subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the interest of the Myers in the matters in suit.

In their opposition to the pending motion, plaintiffs concede that the two Myers signed the Note as borrowers. Plaintiffs assert that the two Myers are the elderly grandparents of Monica Jordan and that they signed the Note as guarantors and as an accommodation to the plaintiffs. According to plaintiffs, Mrs. Myers is 80 years of age, and Mr. Myers is 82 years of age, is in poor health and suffering from a heart condition and high blood pressure. Plaintiffs argue that the Myers' credit was not impaired by defendant's wrongful actions and that the Myers' interests are not even pertinent to the case. According to plaintiffs, the Myers were not joined because plaintiffs did not want to subject them to the rigors and strains of a federal law suit.

Upon a motion by a defendant to dismiss because of non-joinder, the Court will first undertake to determine whether the absentee is a person needed for a just adjudication of the action under the standards set out in Rule 19(a). Wright & Miller, *Federal Practice & Procedure*, § 1611, at 158. In general, federal courts are reluctant to dismiss a complaint for failure to join a party unless it appears that serious prejudice or inefficiency will result. *Rosengarten v. Buckley*, 565 F.Supp. 193, 199 (D.Md.1982) (citing Wright and Miller, *Federal Practice and Procedure* § 1609, at 83 (1972)). "In any event, 'dismissal [for lack of *joinder*] is warranted only when the defect cannot be cured.'" *United States of America v. The American Druggists' Insurance Co.*, 627 F.Supp. 315, 317 (D.Md.1985) (quoting 5 Wright and Miller, *Federal Practice and Procedure* § 1359 at 628 (1969)).

■ In this case, it does not appear that joinder of the Myers as plaintiffs would destroy diversity jurisdiction. Since joinder of the Myers as plaintiffs would not deprive the Court of jurisdiction, it is not appropriate to dismiss the complaint pursuant to Rule 12(b)(7). Defendant's motion is solely a motion to dismiss. But dismissal is appropriate only when necessary parties should be joined and their joinder would deprive the Court of jurisdiction. There is no merit to defendant's contention that its motion to dismiss should be granted unless all the borrowers are made parties to this action.

Even if defendant had moved the Court to enter an Order requiring plaintiffs to file an amended complaint adding the Myers as additional plaintiffs, that motion would be denied. The Court is able to grant complete relief in this case without the joinder of the Myers. It does not

appear that defendant would be subject to further litigation by the Myers.[2] The claim against First Horizon is not for breach of contract but rather for the assessment of damages because there was an impermissible increase in the rate of interest and because the broker's fee was improperly charged. Plaintiffs concede that the finder's fee was paid by them and that they are now paying the interest and other amounts due under the Note. Other jurisdictions have held that joint obligors do not need to be joined as indispensable parties. *See Shepeard v. Quality Siding & Window Factory, Inc.*, 730 F.Supp. 1295, 1298–99 (D.Del.1990) and *Swift v. Boonslick Savings & Loan Assoc.*, 78 F.R.D. 342, 344 (W.D.Mo.1978).

For these reasons, this Court concludes that plaintiffs' claims against defendant First Horizon should not be dismissed under Rule 12(b)(7) for failure to join a necessary party under Rule 19.

(b)

*Rule 12(b)(6)*

In Count VIII, plaintiffs have asserted a claim under § 12–118 of the Commercial Law Article of the Annotated Code of Maryland. Defendant First Horizon has moved under Rule 12(b)(6) to dismiss Count VIII as to it. Defendant argues that Count VIII does not apply to the mortgage loan in this case and that even if it did, it is preempted by federal law.

In pertinent part, § 12–118 provides as follows:

A lender may not enter into a loan agreement, providing for an initial interest rate pursuant to § 12–103(a) and (c), § 12–306, or § 12–404 of this title, which contains a provision that permits the lender to increase or decrease the appli-

---

**2.** Defendant does not dispute plaintiffs' assertion that the Myers are elderly and do not

wish to be subjected to the stresses and strains of this litigation.

cable rate of interest or finance charges from time to time during the term of the obligation, unless:

(1) The loan is secured by an interest in real property;

(2) Any such provision limits adjustments in the rate on an obligation as follows:

\* \* \* \* \* \*

(ii) The rate may not be adjusted more frequently than once in a 6 month period.

1. The amount of increase in any 6 month period may not be more than the equivalent of 1 percentage point above the rate in effect prior to the rate change.....

■ A plain reading of § 12–118 indicates that it does not require that First Horizon wait at least six months before increasing the interest rate nor from raising the interest rate charged in just one month. The loan agreements covered by § 12–118 are those described in § 12–103(a), § 12–103(c), § 12–306 and § 12–404. Section 12–118 therefore does not apply to § 12–103(b) which refers to loans secured by residential real property. The loan in this case was clearly one secured by residential real property. Therefore, the prohibitions included in § 12–118 are not applicable to the transaction at issue here.[3]

In his letter to the Court of July 25, 2002, counsel for plaintiffs has now conceded that the prohibitions of § 12–118 do not apply to the mortgage transaction which is the subject of this case. This question was not addressed by the parties in their initial briefs but was raised for the first time by the Court's letter to counsel of July 17, 2002. Counsel for plaintiffs and

defendant First Horizon both now agree that Count VIII does not state a viable claim against First Horizon.

For these reasons, this Court concludes that the allegations of Count VIII of the complaint fail to state a claim upon which relief can be granted. It is clear that no relief could be granted to plaintiffs under any set of facts which could be proved consistent with the allegations in Count VIII. *See GE Inv. Private Placement Partners II v. Parker,* 247 F.3d 543, 548 (4th Cir.2001). Accordingly, Count VIII must be dismissed as to defendant First Horizon.

In Count IX of the complaint, plaintiffs charge defendant First Horizon with violating § 12–805(d) of the Commercial Law Article of the Annotated Code of Maryland. That statute provides as follows:

A finder's fee may not be charged unless it is pursuant to a separate written agreement between the broker and borrower which is distinct from the loan agreement. The terms of the proposed agreement shall be disclosed to the borrower before the broker undertakes to assist the borrower in obtaining a loan or advance of money and shall specify the amount of the finder's fee.

Plaintiffs allege in Count IX that there was no separate agreement signed by them providing for the payment of a broker's fee and that the plaintiffs were not advised about any terms of the broker's services or fee until they received the good faith estimate a few days before settlement. The finder's fee charged was $5,882, and plaintiffs are seeking damages pursuant to § 12–807 in an amount which is three times the finder's fee.

---

**3.** Since plaintiffs may not in this case rely on § 12–118 in seeking relief from defendant First Horizon, it is not necessary to consider defendant's alternative argument that § 12–118 has in any event been preempted by federal law.

In moving to dismiss Count IX, defendant First Horizon argues that it is not a mortgage broker and therefore cannot be charged with a violation of § 12–805(d). According to defendant, the requirements of § 12–805(d) apply only to a mortgage broker, and § 12–807 imposes a penalty only on the mortgage broker.

In responding, plaintiffs contend that the mortgage broker involved here was an agent of First Horizon. According to plaintiffs, the agency relationship has been properly alleged in the complaint and they should be permitted to go forward with this claim. On the record here, the Court would agree.

■ In Paragraph 7 of the complaint, it is alleged that plaintiffs had been solicited for this loan "by a mortgage broker working on behalf of First Horizon Home Loan Corporation..." In Paragraph 20 of the complaint, it is alleged that First Horizon deducted from the plaintiffs at settlement "a mortgage broker fee of $5,882, despite the fact that said broker rendered his services for First Horizon Home Loan Corporation and not the plaintiffs." The Court is satisfied that the allegations in question are sufficient to state a claim against defendant First Horizon under § 12–805(d). The allegations in question must be accepted as true, and it does not appear beyond doubt that plaintiffs can prove no set of facts in support of the claim asserted in Count IX under an agency theory which would entitle them to relief. *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99.

Defendant First Horizon does not contend that it may not be charged with a violation of § 12–805(d) under an agency theory. Rather, it argues that the ele-

ments of an agency relationship have not been properly delineated in the complaint and that Count IX must therefore be dismissed. The Court must disagree. Under Rule 8(a)(2), plaintiffs were required to set forth in Count IX merely "a short and plain statement of the claim showing that the pleader is entitled to relief,..." This they have done. From a fair reading of the complaint in its entirety, the Court is satisfied that it has properly been alleged that the broker was the agent of First Horizon and that the provisions of § 12–805(d) have been violated. In accepting the allegations of a complaint as true, a court must construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiffs. *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir.1997).

Accordingly, the motion of defendant First Horizon to dismiss Count IX will be denied.[4]

## V

### *Conclusion*

For all the reasons stated, this Court concludes that the complaint is not subject to dismissal pursuant to Rule 12(b)(7). Count VIII of the complaint will be dismissed pursuant to Rule 12(b)(6) as to defendant First Horizon, but defendant's motion to dismiss Count IX will be denied. Accordingly, it is this _____ day of July, 2002 by the United States District Court for the District of Maryland,

ORDERED:

1. That the motion to dismiss of defendant First Horizon Home Loan Cor-

4. Plaintiffs, as well as defendant First Horizon, have argued that they are entitled to summary judgment on the agency issue presented by Count IX of the complaint. Since the Court is treating defendant's motion as a motion to dismiss and not as a motion for summary judgment, the Court will not at this early stage of the case determine whether either side is entitled to summary judgment on this agency issue.

poration is hereby granted in part and denied in part;

2. That Count VIII of the complaint is hereby dismissed as to defendant First Horizon Home Loan Corporation; and

3. That Count IX of the complaint will not be dismissed, and defendant First Horizon Home Loan Corporation should file an answer to Count IX of the complaint within 15 days.